THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 Upper Powderly Street<br>Carbondale, Pennsylvania  18407<br><br>Plaintiff,<br><br>VS.<br><br>WALMART STORES, INC.,<br>WALMART.COM,<br>ALIEXPRESS,<br>MICHAELS STORES, INC.,<br>MSPCI,<br>WEGMANS FOOD MARKETS, INC.,<br>AMAZON.COM, INC.,<br>DIAMOND VISION INC.,<br>CURRENT MEDIA GROUP INC.,<br>USIMPRINTS,<br>STAPLES PROMOTIONAL PRODUCTS,<br>RAKUTEN AMERICAS,<br>PRICE US WHOLESALE,<br>BONANZA.COM, INC.,<br>WHOLESALE IN MOTION GROUP, INC.;<br>and DOES 1 THROUGH 50<br><br>Defendants. | Case No.  3:22-cv-1768<br><br><br>JUDGE MALACHY E MANNION<br><br><br>JURY TRIAL DEMANDED<br><br>FILED<br>SCRANTON<br>NOV 1 4 2022<br>PER _____ /s/ _____<br>DEPUTY CLERK |

## PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT FOR PATENT

## INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Walmart Stores, Inc. ("Walmart"), Walmart.com, AliExpress, Michaels Stores, Inc. ("Michaels Stores"), Mspci, Wegmans Food Markets, Inc. ("Wegmans"), Amazon.com, Inc. ("Amazon"), Diamond Vision Inc. ("Diamond Vision") and Current Media Group Inc. ("Current Media Group"), USimprints, Staples Promotional Products, Rakuten Americas, Price US Wholesale, Bonanza.com, Inc.(" Bonanza") and Wholesale In Motion Group, Inc. ( "Wholesale In Motion") as follows:

### I.   JURISDICTION.

1.   This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

### II.   VENUE.

2.   Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

### III.   PARTIES.

3.   Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the

original complaint was filed on November 7, 2022 up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A.**

4.     Upon information and belief, Walmart & Walmart.com are Arkansas companies with a principal place of business at 702 SW 8th Street, Bentonville, AR 72712

5.     Upon information and belief, AliExpress is a California company with its principal place of business at 400 S El Camino Real #400, San Mateo, CA 94402,

6.     Upon information and belief, Michaels is a Texas company with its principal place of business at 8000 Bent Branch Dr Irving, Texas 75063

7.     Upon information and belief, Mspci is a Texas company with its principal place of business at 8000 Bent Branch Dr Irving, Texas 75063

8.     Upon information and belief, Wegmans is a New York company with its principal place of business at 1500 Brooks Ave, Rochester, NY 14624

9.     Upon information and belief, Amazon is a Washington company with its principal place of business at 410 Terry Ave N, Seattle, WA 98109

10.    Upon information and belief, Diamond Vision is a Wisconsin company with Its principal place of business at 401 W. Marquette Avenue Oak Creek, WI 53154

11.    Upon information and belief, Current Media Group is a Colorado company with its principal place of business at 6765 Campus Drive Colorado Springs, CO 80920

12.    Upon information and belief, USimprints is a Tennessee company with its principal place of business at 200 E Main St Suite 200-17, Franklin, TN 37064

13.    Upon information and belief, AnyPromo is a California company with its

principal place of business at 1511 E Holt Blvd Ontario, CA 91761

14.     Upon information and belief, Staples Promotional Products is a Kansas company with its principal place of business at 7500 W. 110th Street, Overland Park, KS 66210, US

15.     Upon information and belief, Rakuten Americas is a Kansas company with its principal place of business at 800 Concar Dr, San Mateo, CA 94402,

16.     Upon information and belief, Price US Wholesale is a New York company with its principal place of business at 902 Avenue U Brooklyn, NY 11223

17.     Upon information and belief, Bonanza is a Washington company with its principal place of business at 3131 Western Ave Street 527 Seattle, WA, 98121

18.     Upon information and belief, Wholesale In Motion Group is a New York company with its principal place of business at 2240 East 17th St. Brooklyn, NY 11229

19.     Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

20.     This court has personal jurisdiction over the named Defendants.

### IV. RELEVANT MATTER

21.     The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

22. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

23. Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B**

24. Plaintiff has full legal right to commence this matter.

### . CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive.

26. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

27. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

### COUNT VI – PATENT INFRINGEMENT

28. Defendants transact business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that

embody and/or practice the patented invention, known generally as, but not limited to "Solar Dancers," Solar Dancing Figurines," "Solar Dancing Toys," "Christmas Sunny Jigglers," "Stocking stuffers Solar Dancer" "Solar Bobble Heads" Solar Dancing Animals" and assorted product lines. (At this time, Plaintiff does not know all the true Identifying names of all infringing products.)

29. Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale and selling the Solar Dancers, Solar Dancing Figurines, Solar Dancing Toys and/or Christmas Sunny Jigglers, Stocking stuffers Solar Dancers and Solar Bobble Heads, Solar Dancing Animals and assorted product lines after February 2, 2010. (Plaintiff does not know all the true identifying names of all infringing products.)

30. Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

31. Defendants have directly infringed claims 1, 2, 3, 4, 5, 6, 7 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 2, 3, 4, 5, 6, 7 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

32. Upon information and belief, Defendants infringement of the '959 patent have been willful and deliberate. Defendants' infringement has injured plaintiff.

## VII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents,

affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

B. Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C. Issue a finding that Defendants acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D. Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E. Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com