THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 1 4 2022
PER _____
DEPUTY CLERK

DAVID J. CATANZARO,
286 Upper Powderly Street
Carbondale, Pennsylvania 18407

Case No. 3:22–cv-1768

Plaintiff,

VS.

JUDGE MALACHY E MANNION

4IMPRINT, INC.,
4 All PROMOS, LLC,
NATIONAL PEN COMPANY,
ANYPROMO, INC.,
EVERYTHING BRANDED USA, INC.,
BEL USA, LLC,
QUALITY LOGO PRODUCTS, INC.,
BRILLIANT PROMOTIONS, INC.,
ORDER SWAG,
DHGATE,
PROFESSIONAL MARKETING SERVICES INC.,
BEST LITTLE PROMOHOUSE IN TEXAS, LLC.,
GARRETT SPECIALTIES,
CENTURY 2001 PROMOTIONAL PRODUCTS,
GIMMEES.COM,
PINNACLE PROMOTIONS,
PROMOS 911, INC.,
EMPIRE PROMOTIONAL PRODUCTS,
COLLEGIATE CONCEPTS, INC.
and DOES 1 THROUGH 50

JURY TRIAL DEMANDED

FILED
SCRANTON
NOV 1 4 2022
PER _____
DEPUTY CLERK

Defendants.

**PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of 4imprint Inc. ("4imprint"), 4 All Promos, LLC ("4 All Promos"), National Pen Company ("National Pen"), AnyPromo, Inc. ("AnyPromo"), Everything Branded USA, Inc. ("Everything Branded USA"), Bel USA, LLC ("Bel USA"), Quality Logo Products, Inc. ("Quality Logo Products"), Brilliant Promotions, Inc. ("Brilliant Promotions"), Order Swag, DHGate, Professional Marketing Services Inc. ("Professional Marketing Services"), Best Little Promohouse In Texas, LLC ("Best Little Promohouse In Texas"), Garrett Specialties, Century 2001 Promotional Products, Gimmees.com ("Gimmees"), Pinnacle Promotions, Promos 911, INC. ("Promos 911"), Empire Promotional Products and Collegiate Concepts, Inc. ("Collegiate Concepts") as follows:

## I.  JURISDICTION.

1.  This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II.  VENUE.

2.  Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III.  PARTIES.

3.  Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on

2

December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed (November 7, 2022) up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A.**

4. Upon information and belief, 4Imprint is a Wisconsin company with its principal place of business at 101 Commerce St, Oshkosh, WI 54901

5. Upon information and belief 4 All Promos is a Connecticut company with its principal place of business at 50 West Ave. Essex, CT 06426

6. Upon information and belief National Pen is a Tennessee company with its principal place of business at 342 Shelbyville Mills Road Shelbyville, TN 37160

7. Upon information and belief AnyPromo is a California company with its principal place of business at 1511 E Holt Blvd Ontario, CA 91761

8. Upon information and belief Everything Branded USA is a Nevada company with its principal place of business at 6725 via Austi Pkwy Suite 150 Marnel Corporate Center 3 Las Vegas, NV 89119

9. Upon information and belief Bel USA is a Florida company with its principal place of business at 12610 NW 115th Ave, Miami, FL 33178

10. Upon information and belief Quality Logo Products is a Illinois company with its principal place of business at 724 North Highland Ave. Aurora, Illinois, 60506

11. Upon information and belief Brilliant Promotions is a Arizona company with its principal place of business at| 21020 North 8th Way Suite 1 | Phoenix, AZ, 85024

12. Upon information and belief Order Swag is a Georgia company with a Principal place of business at 8215 Roswell Rd Suite 900 Atlanta, GA, 30350

13. Upon information and belief DHGate is a China company with a principal place of business at C/O 381 Brea Canyon Road, Walnut, CA 91789

14. Upon information and belief Professional Marketing Services is a Connecticut company with a principal place of business at 300 Long Beach Blvd, Stratford, CT 06615

15. Upon information and belief Best Little Promohouse In Texas is a Texas company with a principal place of business at 102 Love Bird Lane, Murphy, TX 75094

16. Upon information and belief Garrett Specialties is a New Jersey company with a principal place of business at 10000 Lincoln Dr., E Suite 201, Marlton, NJ 08053

17. Upon information and belief Century 2001 Promotional Products is a Florida company with a principal place of business at 110 Tomahawk Dr., Indian Harbour Beach, Florida 32937

18. Upon information and belief Gimmees is a New Jersey company with a principal place of business at 28 N Coolidge Ave. Unit A, Margate City, NJ 08402-1012

19. Upon information and belief Pinnacle Promotions is a George company with a principal place of business at 4855 Peachtree Industrial Blvd #235, Norcross, GA 30092

20. Upon information and belief Promos 911 is a Illinois company with a principal place of business at 930 N York Rd, Hinsdale, Illinois, 60521

21. Upon information and belief Empire Promotional Products is a New York

Company with a principal place of business at 65 W 90th St #6F, New York, NY 10024

22.     Upon information and belief Collegiate Concepts is a Minnesota Company with a principal place of business at 1306 County Rd F West Suite 210, Arden Hills, MN 55112

23.     Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

24.     This court has personal jurisdiction over the named Defendant.

### IV. RELEVANT MATTER

25.     The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

26.     The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

27.     Church & Dwight assigned the '532 patent back to Plaintif on August 31, 2016 (The Assignment effective date).  The Assignment is attached hereto as **Exhibit B**

28.     Plaintiff has full legal right to commence this matter

## V. CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

29.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

29.  An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

30.  Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants has infringed upon the '959 patent.

### COUNT VI – PATENT INFRINGEMENT

31.  Defendents transacts business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as "Bend-a-Pen" " "Happy Highlighter" "Goofy Group Pencil Sharpener W/ Smiley Pencil" "Pop-a-doo Computer dusty brush" "Cute Crew Highlighter" "Cool Crew Pen" along with other similar assorted product lines sold throughout the enforcement term on the '959 patent (At this time, Plaintiff does not know all the true identifying names of all infringing products.)

32.  Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale and selling the Bend-a-Pen, Happy Highlighter, Goofy Group Pencil Sharpener W/ Smiley Pencil, Pop-a-doo Computer dusty brush,

6

Cute Crew Highlighter, Cool Crew Pen, products along with other similar assorted product lines after February 2, 2010. ( Plaintiff does not know all the true Identifying names of all infringing products.)

16. Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

17. Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

18. Upon information and belief, Defendants infringement of the '959 patent have been willful and deliberate. Defendants infringement has injured plaintiff.

## VII.   PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

    A. Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

    B. Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C.  Issue a finding that Defendants acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.  Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.  Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

### VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com