# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,                    )

      Plaintiff,                    )    Case No. 3:22-cv-1768

                                   )

      VS.                    )

WALMART STORES, INC.,                    )    JUDGE MALACHY E MANNION
WALMART.COM,                    )
ALIEXPRESS,                    )
MICHAELS STORES, INC.,                    )
MSPCI,                    )
WEGMANS FOOD MARKETS, INC.,                    )    JURY TRIAL DEMANDED
AMAZON.COM, INC.,                    )
DIAMOND VISION INC.,                    )
CURRENT MEDIA GROUP INC.,                    )
USIMPRINTS,                    )
STAPLES PROMOTIONAL PRODUCTS,                    )
RAKUTEN AMERICAS,                    )
PRICE US WHOLESALE,                    )
BONANZA.COM, INC.,                    )
WHOLESALE IN MOTION GROUP, INC.,                    )
ANYPROMO INC.,                    )
DHGATE;                    )
 and DOES 1 THROUGH 50                    )

      Defendants.                    )

**FILED**
**SCRANTON**

DEC 15 2023

PER_____

DEPUTY CLERK

---

## PLAINTIFF'S MOTION FOR THE ENTRY OF DEFAULT JUDGMENT

NOW COMES the Plaintiff David J. Catanzaro Pro Se and submits this Motion for Default Judgment as under:

**A.    STANDARD TO REVIEW THE PLEADINGS OF PRO SE LITIGANTS**

1.     That the Plaintiff is a pro se litigant and has not engaged an attorney for further proceedings in this case. Thus, as far as the pleading standard of Pro Se litigants is concerned, a Pro Se litigant is always entitled to a less stringent view by the Honorable Superior Courts. Pro Se litigants are not supposed to be jurists; hence their pleadings are entitled to a kind and lenient standard of review by the courts. This is held time and again in the judgments of the apex courts, some of which are quoted as under:

"Plaintiff is pursuing his claim pro se. As such, his pleadings are held to a less stringent standard than those of an attorney. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998)."

"The Supreme Court has instructed federal courts to liberally construe the 'in artful pleading' of pro se litigants. Eldridge v. Block, 832 F.2d 1132,1137 (9th Cir. 1987)."

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)".

2.     Therefore, in light of the above-mentioned judgments, the Plaintiff as a Pro Se litigant, is entitled to a lenient review of his pleadings and seeks the kind favor of this honorable court.

## B.     STATEMENT OF FACTS

3.     That the plaintiff is before this honorable court to submit his assertions against the violation and infringement of his Patent Rights and demands his remedies as prayed in his docketed Third Amended Complaint (deemed Second Amended Complaint by this Honorable Court).

4.     That the Plaintiff is the real owner of United States Patent No.7,653,959BI (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of the said patent, allowing Plaintiff from the day the original complaint was filed on November 4, 2022 up-to December 30, 2022 to make a valid claim.

5.     That the "959 patent is a continuation of U.S. Patent No.6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit titled as: David Catanzaro vs. Procter & Gamble Co. et al.

6.     That the '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

7.     That Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Plaintiff has attached all relevant documents with his complaint. And has the full right to commence this legal action.

8.     However, the Defendants are transacting business in strict violation of Plaintiff's Patent Rights related to the '959 patent, without seeking a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known generally as, but not limited to "Solar Dancers," Solar Dancing Figurines," "Solar Dancing Toys," "Christmas Sunny Jigglers," "Stocking staffers Solar Dancer" "Solar Bobble Heads" Solar Dancing Animals" and assorted product lines.

9.    At this time, Plaintiff does not know all the true Identifying names of all infringing products. However, he intends to submit them as soon as he gets their details.

10.    That the Defendants have committed acts of infringement by offering for sale and selling the Solar Dancers, Solar Dancing Figurines, Solar Dancing Toys and/or Christmas Sunny Jigglers, Stocking stuffers Solar Dancers and Solar Bobble Heads, Solar Dancing Animals and assorted products. Thus the Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

11.    That the plaintiff is entitled to seek remedies provided to him against the above stated Patent Infringements or as considered just and proper by this court and to proceed with a jury trial.

12.    However, despite timely service of process, the following Defendants:
   a. ALIEXPRESS (Parent company ALIBABA GROUP was served complaint)
   b. USIMPRINTS
   c. PRICE US WHOLESALE
   d. WHOLESALE IN MOTON GROUP INC.
   e. ANYPROMO INC.
   f. DHGATE

never filed any response or responsive pleadings. Therefore, the Plaintiff is filing this motion to seek a Default judgment against all of the above defendants or to seek a summary judgment in the alternative.

## PLAINTIFF'S ARGUMENTS TO SEEK DEFAULT JUDGMENT.

**Rule 55. Default; Default Judgment**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

13.   That the Plaintiff made a filling titled: REQUEST FOR DEFAULT FOR DEFENDANTS ALIEXPRESS; USIMPRINTS; PRICE US WHOLESALE; WHOLESALE IN MOTON GROUP, INC.; ANYPROMO INC. and DHGATE. Contained within that filling, Plaintiff addressed all necessary criteria to satisfy Rule 55(a) for the named defendants in that filling and outlined within this motion.

**Rule 55. Default; Default Judgment**

(b) Entering a Default Judgment.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

     (A) conduct an accounting;

     (B) determine the amount of damages;

     (C) establish the truth of any allegation by evidence; or

     (D) investigate any other matter.

14.   That the Plaintiff is now applying to this Honorable Court for a default judgment under Rule 55(b)(2), that the court can peruse the history and timeline of this lawsuit to evaluate the applicable damages and to have a tentative assessment for the costs and damages as pleaded by the plaintiff in his lawsuit complaint.

15.    That the plaintiff is ready to provide any further assistance to this honorable court to determine his remedies.

16.    That the plaintiff has incurred a lot of expenses to pursue his legal rights and he was always before this honorable court to assist but the conduct and manner of the defendants has disregarded him. Therefore, Plaintiff requests for the entry of a Summary judgment or a Default judgment against the defendants.

## SUBMISSION AND PRAYERS:

Therefore, in light of the above mentioned facts and circumstances, it is submitted before this honorable court to:

i.    Please enter a judgment of default for the defendants (ALIEXPRESS / ALIBABA GROUP; USIMPRINTS; PRICE US WHOLESALE; WHOLESALE IN MOTON GROUP, INC.; ANYPROMO INC. and DHGATE) as they never bothered to honor the orders/process of this honorable court.

ii.    Please enter a Summary judgment against defendants (ALIEXPRESS / ALIBABA GROUP; USIMPRINTS; PRICE US WHOLESALE; WHOLESALE IN MOTON GROUP, INC.; ANYPROMO INC. and DHGATE) as they never bothered to honor the orders of this honorable court and the plaintiff has been entitled to this relief.

iii.    Please pass a Default judgment in the favor of the plaintiff while accepting all of his prayers/submissions in the Third Amended Complaint.

iv.    Please grant the plaintiff punitive damages amounting to $1 Million dollars.

v.    Please grant the plaintiff with such amount of consecutive damages and costs to amicably compensate him against the wrongful acts of the defendants.

vi.    Please grant the plaintiff with legal costs and fees amounting to $10,000.

vii.    Please grant any other relief which this honorable court deems appropriate.

Dated: December 15, 2023

Respectfully submitted,

By: _David J. Catanzaro_
David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, **DAVID J. CATANZARO**, hereby certify that on this 15th day of December, 2023, a true and correct copy of the foregoing was filed with the Clerk through the Court electronically. Notice of this filing will be sent to all parties disclosed herein by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing was served on the following defendants via US Mail.

> ALIEXPRESS / ALIBABA GROUP
> 400S El Camino Real # 400, San Mateo,
> San Mateo, CA 94402
>
> USIMPRINTS
> 200 E Main St Suite 200-17
> Franklin, TN 37064
>
> PRICE US WHOLESALE
> 2240 East 17[th] Street
> Brooklyn, NY 11229
>
> WHOLESALE IN MOTON GROUP INC.
> 2240 East 17[th] St.
> Brooklyn, NY 11229
>
> ANYPROMO INC.
> 511 East Holt Boulevard
> Ontario, CA 91764
>
> DHGATE
> 381 Brea Canyon Road
> Walnut, CA 91789

**Non Responsive Defendants**

Dated:  December 15, 2023

By: _David J. Catanzaro_
David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com