# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAVID J. CATANZARO, | ) ) ) | Case No. 3:22-cv-1768 |
| Plaintiff, | ) ) | |
| VS. | ) ) | JUDGE MALACHY E MANNION |
| WALMART STORES, INC., WALMART.COM, | ) ) | |
| ALIEXPRESS, MICHAELS STORES, INC., | ) ) | JURY TRIAL DEMANDED |
| MSPCI, WEGMANS FOOD MARKETS, INC., | ) ) | |
| AMAZON.COM, INC., DIAMOND VISION INC., | ) ) | |
| CURRENT MEDIA GROUP INC., USIMPRINTS, | ) ) | |
| STAPLES PROMOTIONAL PRODUCTS, RAKUTEN AMERICAS, | ) ) | **FILED SCRANTON** |
| PRICE US WHOLESALE, BONANZA.COM, INC., | ) ) | SEP 10 2024 |
| WHOLESALE IN MOTION GROUP, INC., ANYPROMO INC., | ) ) | PER_____DJ_____ DEPUTY CLERK |
| DHGATE; and DOES 1 THROUGH 50 | ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

## I.    INTRODUCTION

1.    The Plaintiff, David J. Catanzaro, pro se, submits this Brief in Support of the

Motion for Reconsideration concerning the verbal order issued by this Honorable

Court on August 28, 2024, which reassigned the above-captioned case to Judge

Joseph F. Saporito. This brief contends that the reassignment order should be reconsidered and ultimately reversed, maintaining the original judicial assignment for several compelling reasons grounded in legal principles and the interests of judicial efficiency and fairness.

2. The reassignment of a case, especially one that is in its concluding phases, carries significant implications for the administration of justice. This brief will demonstrate that the reassignment was made without solicitation from the parties, lacked transparency and adequate justification, and occurred at a critical juncture where maintaining the original judge would serve the best interests of judicial consistency and efficiency. Through this brief, the Plaintiff will elucidate the adverse effects of the reassignment and argue for the maintenance of the initial judicial assignment based on the advanced stage of the proceedings, the absence of any request for such reassignment by any party, and the principles of judicial economy and procedural fairness.

3. In supporting this Motion for Reconsideration, the Plaintiff relies on relevant provisions of the Federal Rules of Civil Procedure, specifically Rule 60(b)(6), which permits the court to relieve a party from a final order for any other reason that

justifies relief, and on established jurisprudence that emphasizes minimal judicial interference and disruption in the late stages of litigation.

## I.    BACKGROUND

4.    On August 28, 2024, this Honorable Court, without assigning a docket number, verbally ordered the reassignment of this case to Judge Joseph F. Saporito. Notably, this reassignment occurred without any solicitation from either the Plaintiff or the Defendants, who remain in default and have not participated in the proceedings to date. Furthermore, this Court has not provided any documentation or justification for this unexpected change, which significantly impacts the procedural posture of the case.

## II.    ARGUMENTS FOR RECONSIDERATION

### A.    Lack of Solicitation for Reassignment

5.    The Plaintiff emphasizes that there was no solicitation or request from any party involved in this litigation for the reassignment of this case to another judge. Under Federal Rule of Civil Procedure 60(b)(6), the court may relieve a party from an order for "any other reason that justifies relief." This provision allows for a broad interpretation, giving the court the flexibility to address unexpected or exceptional circumstances that may not be covered explicitly by the other clauses of Rule 60(b). In the context of unsolicited judicial reassignments, particularly when such actions

could disrupt the procedural fairness owed to the parties, Rule 60(b)(6) offers a legal foundation for reconsideration.

6.    The absence of solicitation is crucial because it underpins the principle that litigants should have predictability in their judicial proceedings. Unilateral decisions that significantly alter the course of a case, such as a judicial reassignment, should ideally be accompanied by clear reasons or initiated upon request by the parties, thereby ensuring transparency and adherence to due process standards. Courts have recognized that maintaining such procedural integrity is essential for the fair administration of justice, as noted in the decision in **Smith v. Check-n-Go of Illinois, Inc., 2001 U.S. Dist. LEXIS 14161 (N.D. Ill. Aug. 24, 2001)**, where the court underscored the necessity of soliciting input from parties before making decisions that could affect the outcome of the case significantly.

## B.    Advanced Stage of Litigation

7.    The advanced stage of the litigation in Case No. 3:22-cv-01768 presents a compelling reason against the reassignment of this case. Courts are generally cautious about reassigning cases that are nearing conclusion, as such actions can undermine the efficiency and effectiveness of the judicial process. This principle is reflected in the Local Rules for the Assignment of Cases, which aim to minimize disruptions once a case has progressed beyond preliminary stages.

8.    Federal courts have consistently held that judicial reassignments should be approached with caution in the advanced stages of litigation to avoid prejudicing the rights of the parties involved. In **re Certain Controversies Between Gettysburg Electric Ry. Co., 160 F. 688 (3rd Cir. 1908)**, the court held that reassignment in the later stages of a case should only occur under exceptional circumstances, as it can lead to a duplication of efforts and increased litigation costs, potentially prejudicing the party who has prepared the case for trial under a specific judge's oversight.

9.    Moreover, the principle of judicial economy also supports maintaining the original assignment. Reassignment at this juncture would require the newly assigned judge to become acquainted with the case history, thus delaying proceedings and potentially leading to inconsistencies in judicial interpretation. Such disruptions are contrary to the goals of efficiency and consistency that the judicial system strives to uphold, as articulated in **Administrative Office of the U.S. Courts, Guide to Judiciary Policy, Vol. 2A, Ch. 2**.

**C.    Judicial Efficiency and Consistency**

10.    Maintaining judicial efficiency and consistency is paramount, particularly in cases nearing conclusion. The principle of judicial economy is severely undermined when cases are reassigned late in the process without a compelling or articulated

reason. Such reassignments can disrupt the continuity of legal proceedings and require additional judicial resources to bring a new judge up to speed on the complexities and nuances of the case, which is both inefficient and counterproductive.

11.    The original judge's familiarity with the case details, evidentiary nuances, and the litigation's history cannot be understated. This deep contextual understanding aids in delivering a just and expedient resolution, adhering to the maxim that "justice delayed is justice denied." Courts have long recognized that reassignment should be avoided where it might result in unnecessary delays and inefficiencies. This sentiment is encapsulated in **Anderson v. Air West, 542 F.2d 522 (9th Cir. 1976)**, where the court emphasized the importance of maintaining a single judge's oversight to enhance judicial efficiency and ensure consistent rulings throughout a case.

12.    The Local Rules for the Assignment of Cases also support this approach by generally discouraging reassignments except under specific procedural circumstances or clear necessity, thus promoting a streamlined and consistent judicial process.

**D.    No Documented Need or Justification for Reassignment**

13.    In this instance, the court has provided no documented need or justification for the reassignment of Case No. 3:22-cv-01768 to a different judge. The lack of

transparency and explanation not only raises concerns regarding procedural fairness but also potentially infringes upon the plaintiff's right to a predictable and logical judicial process. Transparency in judicial decision-making is crucial to upholding the court's integrity and ensuring that litigants understand the basis of procedural decisions affecting their cases.

14.    Federal courts have upheld the need for clear communication and justification when making significant procedural decisions that affect the outcome of litigation. As delineated in **United States v. Haldeman, 559 F.2d 31 (D.C. Cir. 1976)**, the court highlighted the necessity of providing explicit reasons when deviating from normal procedural orders, which ensures that all parties are adequately informed and that the judicial process is perceived as fair and equitable.

15.    Furthermore, Rule 1 of the Federal Rules of Civil Procedure mandates that courts "should secure the just, speedy, and inexpensive determination of every action and proceeding." Unexplained reassignments contradict this principle by potentially complicating and prolonging the litigation process without evident benefit or necessity, thus detracting from the rule's foundational goal of efficiency and justice.

## CONCLUSION

For the reasons detailed above, the Plaintiff respectfully requests that this Honorable Court grant the Motion for Reconsideration of the reassignment order dated August 28, 2024. This request is grounded in the fundamental principles of judicial efficiency, consistency, and fairness that underpin our legal system.

The lack of solicitation for reassignment, coupled with the advanced stage of this litigation and the absence of documented need or justification for such a significant procedural change, underscores the necessity for maintaining the original judicial assignment. Doing so not only serves the interests of judicial economy by avoiding unnecessary delays and expenditures of resources but also ensures a consistent and fair adjudication process for the parties involved.

Moreover, maintaining the original judge assignment in Case No. 3:22-cv-01768 aligns with the principles established by Federal Rules of Civil Procedure and local court rules designed to minimize disruptions in ongoing judicial proceedings. This Court's adherence to these principles is essential to uphold the integrity of the judicial process and to ensure that justice is delivered in a timely, efficient, and equitable manner.

Therefore, the Plaintiff urges the Court to reconsider and reverse the order for reassignment, thereby enabling the continuation of this case under the judicial guidance of its original judge. Such a decision would reflect the Court's

commitment to upholding the rule of law and the rights of the litigants to a predictable and fair judicial process.

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, **DAVID J. CATANZARO**, hereby certify that on this 10th day of September, 2024, a true and correct copy of the foregoing was filed with the Clerk through the Court electronically. Notice of this filing will be sent to all parties disclosed herein by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: September 10, 2021

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com