UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CATANZARO, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01768 |
| v. | (SAPORITO, J.) |
| WALMART STORES, INC., et al., | (BLOOM, C.M.J.) |
| Defendants. | |

## ORDER

On August 28, 2024, this case was reassigned to the undersigned United States district judge. On September 10, 2024, the plaintiff filed a *pro se* motion for reconsideration of that order.[1] Doc. 89; *see also* Doc. 90. On September 16, 2024, he filed a *pro se* letter-submission reiterating his opposition to reassignment of this case, which the clerk docketed as an objection. Doc. 91.

Under Rule 54(b), "[a]n order that does not dispose of every claim

---

[1] The *pro se* plaintiff characterizes his motion as having been brought pursuant to Fed. R. Civ. P. 60(b). But the order for which he seeks reconsideration is an interlocutory order, not a final order. Thus, it is Rule 54(b), not Rule 60(b), that governs our analysis in this instance. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Therefore, we have liberally construed the plaintiff's *pro se* motion as one brought under Rule 54(b). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013).

in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

The verbal order docketed on August 28, 2024, reassigned this case from the Honorable Malachy E. Mannion to the undersigned for caseload management purposes. The plaintiff has presented several arguments

why he believes the reassignment order should be reconsidered and Judge Mannion should remain the presiding district judge with respect to this particular case. But we find none of them persuasive.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's *pro se* motion for reconsideration (Doc. 89) is **DENIED** and his *pro se* objection to reassignment of this case (Doc. 91) is **OVERRULED**.

Dated: September **17**, 2024

*/s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge