IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | ) |
| Plaintiff, | ) Case No. 3:22-cv-1768 |
| | ) |
| | ) Judge Joseph F Saporito |
| VS. | ) |
| | ) Chief MJ Daryl F. Bloom |
| WALMART STORES, INC., | ) |
| WALMART.COM, | ) |
| ALIEXPRESS, | ) |
| MICHAELS STORES, INC., | ) JURY TRIAL DEMANDED |
| MSPCI, | |
| WEGMANS FOOD MARKETS, INC., | ) |
| AMAZON.COM, INC., | ) |
| DIAMOND VISION INC., | ) |
| CURRENT MEDIA GROUP INC., | ) |
| USIMPRINTS, | |
| STAPLES PROMOTIONAL PRODUCTS, | ) |
| RAKUTEN AMERICAS, | |
| PRICE US WHOLESALE, | ) |
| BONANZA.COM, INC., | |
| WHOLESALE IN MOTION GROUP, INC., | ) |
| ANYPROMO INC., | ) |
| DHGATE; | |
| and DOES 1 THROUGH 50 | ) |
| Defendants. | ) |

FILED
SCRANTON

DEC 19 2024

PER_____DJ_____
DEPUTY CLERK

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

A.　INTRODUCTION

Plaintiff, David J. Catanzaro, proceeding pro se, respectfully submits this Brief in Support of his Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55. This Motion seeks a default judgment against Defendants ALIEXPRESS/ALIBABA GROUP; DHGATE; USIMPRINTS; ANYPROMO INC.; PRICE US WHOLESALE; and WHOLESALE IN MOTION GROUP INC., who have failed to plead or otherwise defend themselves in this action. The Plaintiff avers the following facts and legal contentions in support of this motion:

> Each Defendant was properly served with the Summons and Complaint, in accordance with the requirements of the Federal Rules of Civil Procedure.

i. Despite proper service, the aforementioned Defendants have not filed an Answer or any responsive pleading within the time frame prescribed by law, nor have they indicated any intention to defend against the claims set forth in the Complaint.

ii. An Entry of Default has been issued by the Clerk of the Court against these Defendants due to their failure to respond, establishing the procedural groundwork necessary for the granting of this motion.

iii. Under Rule 55(b) of the Federal Rules of Civil Procedure, the Plaintiff is entitled to seek a default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, as is the case here.

The Plaintiff respectfully requests that this Honorable Court grant the motion for default judgment, thereby providing just relief for the infringements and damages suffered, as more fully detailed herein. The failure of the Defendants to engage in this process not only warrants but necessitates the entry of default judgment to uphold the principles of justice and due process.

### B. STATEMENT OF FACTS

1. That the plaintiff is before this honorable court to submit his assertions against the violation and infringement of his Patent Rights and demands his remedies as prayed in his docketed Third Amended Complaint (deemed Second Amended Complaint by this Honorable Court).

2. That the Plaintiff is the real owner of United States Patent No.7,653,959B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of the said patent, allowing Plaintiff from the day the original complaint was filed on November 4, 2022 up-to December 30, 2022 to make a valid claim.

3. That the "959 patent is a continuation of U.S. Patent No.6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit titled: David Catanzaro vs. Procter & Gamble Co. et.al.

4. That the '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

5. That Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Plaintiff has attached all relevant documents with his complaint. And has the full right to commence this legal action.

6. However, the Defendants are transacting business in strict violation of Plaintiff's Patent Rights related to the '959 patent, without seeking a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody

and/or practice the patented invention, known generally as, but not limited to "Solar Dancers," Solar Dancing Figurines," "Solar Dancing Toys," "Christmas Sunny Jigglers," "Stocking staffers Solar Dancer" "Solar Bobble Heads" Solar Dancing Animals" and assorted product lines.

7.  At this time, Plaintiff does not know all the true Identifying names of all infringing products. However, he intends to submit them as soon as he gets their details.

8.  That the Defendants have committed acts of infringement by offering for sale and selling the Solar Dancers, Solar Dancing Figurines, Solar Dancing Toys and/or Christmas Sunny Jigglers, Stocking stuffers Solar Dancers and solar Bobble Heads, Solar Dancing Animals and assorted products. Thus the Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

9.  That the plaintiff is entitled to seek remedies provided to him against the above stated Patent Infringements or as considered just and proper by this court and to proceed with a jury trial.

10. However, despite timely service of process, the following Defendants:
    a. ALIEXPRESS (Parent company ALIBABA GROUP was served complaint)
    b. USIMPRINTS
    c. PRICE US WHOLESALE
    d. WHOLESALE IN MOTON GROUP INC.
    e. ANYPROMO INC.
    f. DHGATE

never filed any response or responsive pleadings. Therefore, the Plaintiff is filing this motion to seek a Default judgment against all of the above defendants or to seek a summary judgment in the alternative.

### C. LEGAL STANDARD

11. The legal framework for entering a default judgment is primarily governed by Federal Rule of Civil Procedure 55, which is designed to address instances where a defendant fails to defend against a legal claim brought forth by a plaintiff. The rule delineates a clear procedural path from the initial entry of default by the court clerk to the substantive entry of default judgment by the court.

12. Rule 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This initial step is crucial as it formally notes the defendant's failure to respond to the litigation within the prescribed timeframe, thereby allowing the plaintiff to seek default judgment.

13. Under Rule 55(b), the court may enter a default judgment against a defendant who has failed to appear. This rule is bifurcated into two subsections:

- **Rule 55(b)(1)** allows the clerk to enter a default judgment if the claim against the defendant is for a "sum certain or a sum that can be made certain by computation," provided that the defendant has not appeared in court and is not a minor or incompetent person.
- **Rule 55(b)(2)** states that in all other cases, the party must apply to the court for a default judgment. This includes situations where the sum is not certain, or where the court needs to conduct proceedings to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

14. Courts have consistently recognized that pro se litigants, such as the Plaintiff in this case, are not held to the same stringent standards as licensed attorneys. As established in Haines v. Kerner, 404 U.S. 519 (1972), pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. This leniency supports the court's broader responsibility to ensure that substantive rights are not impaired by procedural technicalities.

15. When a plaintiff's claim is not for a sum certain, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). "In evaluating the propriety of default judgment, the court is guided by seven non-exclusive factors: '(1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.'" BlackMountain Inv. Holdings, LLC v. NewChanvre Inc., No. 2:20-CV-00495-SM, 2021 WL 5331758, at *1 (D. Idaho Apr. 12, 2021) (brackets in original) (quoting Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

16. The decision to enter a default judgment is within the judicial discretion of the court, guided by the principle that federal policy favors the resolution of cases on their merits. However, where the court finds a willful violation of court rules and a clear disregard for the judicial process by the defendant, as noted in Pioneer Investments Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the imposition of a default judgment is seen as an appropriate remedy.

17. As dictated by the rules and supported by case law, the Plaintiff is required to provide proof of service of the summons and complaint, evidence supporting the entry of default, and detailed affidavits or other evidence to substantiate the claims and amount of damages sought.

### D. ARGUMENTS

18. The Plaintiff, David J. Catanzaro, asserts that this Court should grant a default judgment against the Defendants as stipulated under Federal Rule of Civil Procedure 55. This assertion is based on the Defendants' failure to respond or defend against the claims set forth, the proper service of process, the procedural adherence to the requirements of Rule 55(a) for entry of default, and the Plaintiff's clear entitlement to relief as specified under Rule 55(b).

19. The Defendants have neither responded to the complaint nor entered an appearance in this action, despite being duly served. As established in *Natriss v. Sun Life Assurance Co. of Canada*, 554 F.3d 443, 453 (4th Cir. 2009), a default judgment is permissible when a party fails to make a timely response, thus acknowledging the failure to engage in the legal process.

20. Evidence of service was filed with this Court, confirming that each Defendant was properly served with the Summons and Complaint in accordance with Federal Rule of Civil Procedure 4. The failure to respond after being properly served justifies a default entry under Rule 55(a) and supports a subsequent motion for default judgment under Rule 55(b). The precedent set in *Systems Signs Supplies v. U.S. Department of*

*Justice, Washington, D.C.*, 903 F.2d 1011 (5th Cir. 1990), reinforces that proper service is foundational before proceeding with default judgments.

21. Following the Defendants' failure to plead or otherwise defend themselves, an official Entry of Default was obtained from the court clerk, which is a prerequisite before seeking a default judgment as per Rule 55(a). This step ensures that the procedural formalities are respected, thus upholding the integrity of the judicial process.

22. Under Rule 55(b)(2), the Plaintiff seeks a default judgment that may include an assessment of damages. Given the failure of Defendants to defend, and the Plaintiff's ability to quantify the claimed damages, the court can and should render a default judgment. It is appropriate to refer to *Parker v. ABC Logistics*, 821 F.2d 925 (6th Cir. 1987), where the court held that the determination of damages could proceed even in the absence of a defending party, provided there is sufficient basis to determine the quantum of damages.

23. The granting of a default judgment is ultimately a matter of judicial discretion. However, as noted in *Erickson v. Pardus*, 551 U.S. 89 (2007), the courts have a responsibility to provide just conclusions based on the factual matrix presented, especially when dealing with pro se litigants. The failure of Defendants to respond, despite being properly served and default entered, strongly favors the exercising of this discretion towards granting a default judgment.

24. The preference for resolving disputes on their merits does not extend indefinitely to parties that disregard legal notices and court procedures. In *Samuels v. Mackell*, 401 U.S. 66 (1971), the Supreme Court emphasized that the rules of procedure should not be

applied in a manner that allows a party to frustrate the substantive rights of the opponent. This principle supports granting default judgment when Defendants flout procedural norms.

### SUBMISSION AND PRAYERS:

In light of the arguments presented and the facts established in this case, Plaintiff David J. Catanzaro, Pro Se, respectfully requests that this Honorable Court grant the following relief:

i. Enter default judgment in favor of the Plaintiff and against Defendants ALIEXPRESS/ALIBABA GROUP; DHGATE; USIMPRINTS; ANYPROMO INC.; PRICE US WHOLESALE; and WHOLESALE IN MOTION GROUP INC., for their failure to plead or otherwise defend themselves as required by law, pursuant to Federal Rule of Civil Procedure 55(b).

ii. Award statutory damages for patent infringement as detailed in the Complaint, reflective of the maximum statutory amount permissible under 35 U.S.C. § 284, which provides for up to three times the amount of damages found or assessed.

iii. Award compensatory damages inclusive of actual damages and lost profits that the Plaintiff has suffered due to the Defendants' infringement actions, pursuant to the principles established in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978).

iv. Grant recovery of all costs and reasonable attorney's fees incurred in connection with this action, as provided under 35 U.S.C. § 285, which authorizes such an award in exceptional cases of patent infringement.

v. Order the payment of prejudgment and post judgment interest on the

damages awarded, from the date of infringement until the payment is made in full, to fully compensate the Plaintiff for the time value of money lost due to the Defendants' infringing activities.

vi. Grant any other further relief that this Court deems just and appropriate under the circumstances.

Dated: December 19, 2024

Respectfully submitted,

By: /s/ David J. Catanzaro

David J. Catanzaro

Plaintiff *Pro Se*

286 Upper Powderly Street

Carbondale, PA 18407

Phone: (570) 936-9262

E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, **DAVID J. CATANZARO**, hereby certify that on this 19th day of December, 2024, a true and correct copy of the foregoing was filed with the Clerk through the Court electronically. Notice of this filing will be sent to all parties disclosed herein by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy of this filing was served on the following defendants via US Mail.

ALIEXPRESS / ALIBABA GROUP
525 Almanor Ave., Suite 400
Sunnyvale, CA 94085

USIMPRINTS
200 E Main St Suite 200-17
Franklin, TN 37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTON GROUP INC.
2240 East 17th St.
Brooklyn, NY 11229

ANYPROMO INC.

1511 East Holt Boulevard

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

**Non Responsive Defendants**

Dated: December 19, 2024

David J. Catanzaro

Plaintiff *Pro Se*

286 Upper Powderly Street

Carbondale, PA  18407

Phone: (570) 936-9262

E-mail: davidjosephus@aol.com