IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br>　　　　Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>　　　　Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Chief MJ Daryl F. Bloom |

### DEFENDANT ALIEXPRESS' MOTION TO SET ASIDE
### THE CLERK'S ENTRY OF DEFAULT [ECF 85]

Defendant AliExpress, pursuant to Federal Rule of Civil Procedure 55(a) and (c), without waiving service of process and without waiving any other objection or defense, including objections to personal jurisdiction, moves to set aside the Clerk's Default entered against it on January 8, 2024 [ECF 85], and states:

### BACKGROUND

1.　On November 4, 2022, Plaintiff initiated this lawsuit against AliExpress, among others. According to the docket, summons was issued as to AliExpress on November 7, 2022 [ECF 6].

2.　On March 16, 2023, Plaintiff moved for an extension of time to complete service of process on Defendants [ECF 31]. The Court granted the motion, ordering Plaintiff to "complete service upon all Defendants on or before July 6,

2023." Order dated March 16, 2023 [ECF 31]. The order also stated that "[n]o further extensions of service will be granted." *Id.*

3. Plaintiff never served the summons upon AliExpress. This is consistent with the docket, which shows that no proof of service as to AliExpress has been filed to date.

4. Plaintiff has also conceded that it never served AliExpress and that process was served upon Alibaba Group, which is "not a listed party on [the operative] Complaint" as noted on the docket [ECF 41]. *See* Plaintiff's Motion for the Entry of Default Judgment [ECF 84], at ¶12.

5. AliExpress was not aware of this matter until January 2, 2025, when Plaintiff mailed a copy of his motion for default judgment [ECF 93] to a different Alibaba entity.

6. Upon receipt of the motion, AliExpress diligently investigated this case. Within a week, on January 9, 2025, AliExpress retained undersigned counsel to respond to this lawsuit.

## ARGUMENT

**I.   The Clerk's Default Should Be Set Aside under Rule 55(a) for Insufficient Service of Process.**

This Court should set aside the Clerk's Default because Plaintiff never served AliExpress. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be

2

entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citing Fed. R. Civ. P. 55(a)). "As a precondition to entry of either default or default judgment, Fed. R. Civ. P. 55(a) requires a showing that the party has failed to plead or otherwise defend as provided by these rules." *Id.* The record lacks any showing that AliExpress was properly served with this lawsuit, as reflected on the case docket and admitted by Plaintiff himself.

Plaintiff attempted to satisfy the service requirement by serving Alibaba Group, which Plaintiff claims is the parent company of AliExpress. Assuming *arguendo* that Alibaba Group is the parent company of AliExpress, the alleged service upon Alibaba Group is still not adequate to constitute valid service upon AliExpress. In *Delaware Valley Surgical Supply Co., Inc. v. Geriatric & Medical Ctrs., Inc.*, 299 A.2d 237 (Pa. 1973), the Supreme Court of Pennsylvania concluded that "service of process on a parent corporation was not adequate to constitute service on its subsidiary corporations where there was no evidence in the record to indicate that the subsidiaries conducted business at the address where the plaintiff served the parent corporation." *Babb-Alibey v. Lippman*, 296 A.3d 584 (Pa. Super. Ct. 2023).[1] "This is because a corporate parent will retain its distinct identity

---

[1] "Under the federal rules, a plaintiff may serve process pursuant to the law of the state in which the district court is located, or in which service is effected." *Md. State Firemen's Ass'n*, 166 F.R.D. at 355.

3

and not be subject to the jurisdictions of its subsidiaries, even when it shares common directors, officers and shareholders." *Id.*

Here, nothing in the record suggests that that AliExpress conducted business at the address of Alibaba Group. Therefore, AliExpress has not been properly served with the process.

Given the invalid service of process upon AliExpress, the Clerk's Default against AliExpress must be set aside. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("Thus, where, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper."); *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 355 (D. Md. 1996) ("Since service of process was invalid, the Clerk's Entry of Default was improper and the Court will set it aside."); *Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (setting aside clerk's entry of default judgment because the plaintiff "had not properly served the complaint upon" the defendant).

## II. The Clerk's Default Should Be Set Aside under Rule 55(c) for Good Cause.

Pursuant to Rule 55(c), the Court may set aside an entry of clerk's default for good cause. FED. R. CIV. P. 55(c). Courts generally consider six factors for good cause: "(1) whether the party in default has a meritorious defense; (2) whether it acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) prejudice to the party; (5) the history of dilatory action; and (6) the availability of less drastic sanctions." *Fort v. Branch Banking & Tr. Co.* (*In re JAT, Inc.*), Nos. 13-07552-HB, 15-80205-HB, 2016 Bankr. LEXIS 841, at *13 (Bankr. D.S.C. Mar. 16, 2016). In addition, courts "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

### 1. Meritorious Defenses

"The standard for showing a meritorious defense is not high and requires merely some possibility of a result in [AliExpress'] favor at trial." *Fort*, 2016 Bankr.

LEXIS 841, at *14-15. AliExpress has a viable defense based on the statute of limitations at the very least.[2]

The statute of limitations for patent infringement is six years, and "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action" under 35 U.S.C. § 286. *Metro. Wire Corp. v. Falcon Prods.*, 528 F. Supp. 897, 902 n.5 (E.D. Pa. 1981). This lawsuit was filed on November 4, 2022. As such, any infringement prior to November 4, 2016 is barred. In addition, Plaintiff has admitted that the patent upon which the lawsuit is predicated expired on December 30, 2016. Third Am. Compl. [ECF 14], at ¶3. Thus, Plaintiff's claims are limited to any alleged infringement committed from November 4, 2022, to December 30, 2022. *Id.* The complaint does not allege any infringement committed by AliExpress during that short period. As such, the possibility for AliExpress to prevail at trial is high.

### 2. Reasonable Promptness

AliExpress acted diligently to set aside the Clerk's Default. Within a week after discovering the pending lawsuit, AliExpress hired counsel to challenge the Default. "Such prompt action clearly demonstrates a timely effort to set aside the entry of default." *Fort*, 2016 Bankr. LEXIS 841, at *15-16.

---

[2] The operative complaint is extremely vague and conclusory. *See generally* Third Am. Compl. [ECF 14]. It does not specify any conduct committed by AliExpress. This prevents counsel from further assessing potential defenses at this point.

### 3. Personal Responsibility

AliExpress bears no responsibility for failure to respond to the lawsuit because it was never duly served with process.

### 4. Prejudice to Plaintiff

This case is still at its early stage. No answer to the complaint has been filed by any Defendant. No discovery conference has been held yet. No trial has been set. As such, allowing AliExpress to respond to the complaint would not delay this case. Plaintiff cannot claim any prejudice under the circumstances.

### 5. Dilatory Action

The term "dilatory" in this context refers to as "designed or tending to cause delay" or "given to or characterized by tardiness." *Fort*, 2016 Bankr. LEXIS 841, at *18. Nothing in the record supports a finding of dilatory conduct on the part of AliExpress, much less a history of that. By contrast, AliExpress diligently responded to this lawsuit after it learned of it on January 2, 2025.

### 6. No Sanctions

There is no reason to sanction AliExpress under the circumstances, as Plaintiff deliberately attempted to not serve it directly.

Therefore, all six factors weigh heavily in favor of setting aside the Clerk's Default.

## **CONCLUSION**

For the foregoing reasons, this Court should set aside the Clerk's Default against AliExpress.

Dated: January 10, 2025            Respectfully submitted,

By: */s/ Caitlin P. Strauss, Esq.*
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 1044670
E-mail Address: piwu@diazreus.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN  37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY  11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA  91761

DHGATE
381 Brea Canyon Road
Walnut, CA  91789

/s/ Caitlin P. Strauss, Esq.
Caitlin P. Strauss
*Counsel for Defendant AliExpress*

## **CERTIFICATE OF CONFERRAL**

On January 9, 2025, counsel for AliExpress, Zhen Pan, wrote to Plaintiff via email to confer as to whether Plaintiff would agree to set aside the Clerk's Default against AliExpress, withdraw the motion for default judgment, and consent to an order requiring AliExpress to respond to the complaint by February 10, 2025. As of the filing of this Motion, Plaintiff has not responded to counsel's email.

*/s/ Caitlin P. Strauss, Esq.*
Caitlin P. Strauss
