IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br><br>　　　　Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>　　　　Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Chief MJ Daryl F. Bloom |

**DEFENDANT ALIEXPRESS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF 93]**

Defendant AliExpress, without waiving service of process and without waiving any other objection or defense, including objections to personal jurisdiction, responds in opposition to Plaintiff's Motion for Default Judgment [ECF 93] (the "Motion"), and states:

**COUNTER STATEMENT OF FACTS**

1.　On November 4, 2022, Plaintiff initiated this lawsuit against AliExpress, among others. According to the docket, summons was issued as to AliExpress on November 7, 2022 [ECF 6].

2.　On March 16, 2023, Plaintiff moved for an extension of time to complete service of process on Defendants [ECF 31]. The Court granted the motion, ordering Plaintiff to "complete service upon all Defendants on or before

July 6, 2023." Order dated March 16, 2023 [ECF 31]. The order also stated that "[n]o further extensions of service will be granted." *Id.*

3. Plaintiff never served the summons upon AliExpress. This is consistent with the docket, which shows that no proof of service as to AliExpress has been filed to date.

4. Plaintiff has also admitted in the Motion that process was served upon Alibaba Group. *See* Brief in Support of Plaintiff's Motion for the Entry of Default Judgment [ECF 94], at ¶10; *see also* ECF 98, at ¶12. However, as noted on the docket, Alibaba Group is "not a listed party on [the operative] Complaint." ECF 41.

5. AliExpress was not aware of this matter until January 2, 2025, when Plaintiff mailed a copy of the Motion [ECF 93] to a different Alibaba entity.

6. Upon receipt of the Motion, AliExpress diligently investigated this case. Within a week, on January 9, 2025, AliExpress retained undersigned counsel to respond to this lawsuit.

## QUESTION INVOLVED

Whether a default judgment against AliExpress is appropriate when there is no record showing that Plaintiff duly served process upon AliExpress.

## **ARGUMENT**

**I.       No Default Judgment Should Be Entered Against AliExpress.**

This Court should not enter a default judgment against AliExpress because Plaintiff never duly served process upon AliExpress. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citing Fed. R. Civ. P. 55(a)). "As a precondition to entry of either default or default judgment, Fed. R. Civ. P. 55(a) requires a showing that the party has failed to plead or otherwise defend as provided by these rules." *Id.* The record lacks any showing that AliExpress was properly served with this lawsuit, as reflected on the case docket and admitted by Plaintiff himself. Therefore, there is no basis to enter a default judgment against AliExpress. *See Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (vacating default judgment because the plaintiff "had not properly served the complaint upon" the defendant);

Plaintiff attempted to satisfy the service requirement by serving Alibaba Group, which Plaintiff claims is the parent company of AliExpress. Assuming *arguendo* that Alibaba Group is the parent company of AliExpress, the alleged service upon Alibaba Group is still not adequate to constitute valid service upon AliExpress. In *Delaware Valley Surgical Supply Co., Inc. v. Geriatric & Medical*

*Ctrs., Inc.*, 299 A.2d 237 (Pa. 1973), the Supreme Court of Pennsylvania concluded that "service of process on a parent corporation was not adequate to constitute service on its subsidiary corporations where there was no evidence in the record to indicate that the subsidiaries conducted business at the address where the plaintiff served the parent corporation." *Babb-Alibey v. Lippman*, 296 A.3d 584 (Pa. Super. Ct. 2023).[1] "This is because a corporate parent will retain its distinct identity and not be subject to the jurisdictions of its subsidiaries, even when it shares common directors, officers and shareholders." *Id.*

Here, nothing in the record suggests that that AliExpress conducted business at the address of Alibaba Group. Therefore, AliExpress has not been properly served with the process. Given the invalid service of process upon AliExpress, this Court should not enter a default judgment against AliExpress. *See Wilson*, 203 F. App'x at 250; *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("where, as here, [ ] it appears from the record that [the plaintiffs] have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper.").

---

[1] "Under the federal rules, a plaintiff may serve process pursuant to the law of the state in which the district court is located, or in which service is effected." *Md. State Firemen's Ass'n*, 166 F.R.D. at 355.

## II. AliExpress Has Meritorious Defenses.

Courts "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Fort v. Branch Banking & Tr. Co.* (*In re JAT, Inc.*), Nos. 13-07552-HB, 15-80205-HB, 2016 Bankr. LEXIS 841, at *13 (Bankr. D.S.C. Mar. 16, 2016) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)). AliExpress has a viable defense based on the statute of limitations at the very least.[2]

The statute of limitations for patent infringement is six years, and "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action" under 35 U.S.C. § 286. *Metro. Wire Corp. v. Falcon Prods.*, 528 F. Supp. 897, 902 n.5 (E.D. Pa. 1981). This lawsuit was filed on November 4, 2022. As such, any infringement prior to November 4, 2016 is barred. In addition, Plaintiff has admitted that the patent upon which the lawsuit is predicated expired on December 30, 2016. Third Am. Compl. [ECF 14], at ¶3. Thus, Plaintiff's claims are limited to any alleged infringement committed from November 4, 2022, to December 30, 2022. *Id.* The complaint does not allege any infringement committed by AliExpress during that short period.

---

[2] The operative complaint is extremely vague and conclusory. *See generally* Third Am. Compl. [ECF 14]. It does not specify any conduct committed by AliExpress. This prevents counsel from further assessing potential defenses at this point.

### III. AliExpress Acted Diligently in Response to this Lawsuit.

Upon discovering this lawsuit on January 2, 2025, AliExpress immediately started investigating Plaintiff's claims, as well as the procedural posture of this case. Within a week AliExpress hired counsel, appeared in this matter [ECF 96], and moved to set aside the clerk's default entered against [ECF 85]. "Such prompt action clearly demonstrates a timely effort to set aside the entry of [the clerk's] default," which would also moot the Motion. *Fort*, 2016 Bankr. LEXIS 841, at *15-16.

Finally, there is no prejudice to Plaintiff to allow AliExpress to respond to the Complaint. No answer to the complaint has been filed by any Defendant. No discovery conference has been held yet. No trial has been set. As such, this case is still at its early stage, and allowing AliExpress to respond to the lawsuit would not delay this case.

### CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Default Judgment against AliExpress.

Dated: January 10, 2025          Respectfully submitted,

By: */s/ Caitlin P. Strauss, Esq.*
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 1044670
E-mail: piwu@diazreus.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN  37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY  11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA  91761

DHGATE
381 Brea Canyon Road
Walnut, CA  91789

/s/ Caitlin P. Strauss, Esq.
Caitlin P. Strauss
*Counsel for Defendant AliExpress*