IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br>    Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>    Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Chief MJ Daryl F. Bloom |

## DEFENDANT ALIEXPRESS' BRIEF IN SUPPORT OF
## THE MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

Defendant AliExpress, without waiving service of process and without waiving any other objection or defense, including objections to personal jurisdiction, respectfully submits this brief in support of its Motion to Set Aside the Clerk's Entry of Default dated January 8, 2024 (the "Clerk's Default"), and states:

## FACTS AND PROCEDURAL HISTORY

1. On November 4, 2022, Plaintiff initiated this lawsuit against AliExpress, among others. According to the docket, summons was issued as to AliExpress on November 7, 2022 [ECF 6].

2. On March 15, 2023, Plaintiff moved for an extension of time to complete service of process on Defendants [ECF 30]. The Court granted the motion, ordering Plaintiff to "complete service upon all Defendants on or before

**July 6, 2023**." Order dated March 16, 2023 [ECF 31] (emphasis in original). The order also stated that "[n]o further extensions of service will be granted." *Id.*

3. Plaintiff never served the summons upon AliExpress. This is consistent with the docket, which shows that no proof of service as to AliExpress has been filed to date.

4. Instead, on June 15, 2023, Plaintiff purportedly served "Alibaba Group," which is "not a listed party on [the operative] Complaint" as noted on the docket [ECF 41].

5. On December 15, 2023, Plaintiff moved for a default judgment against AliExpress. *See* Plaintiff's Motion for the Entry of Default Judgment [ECF 84]. In that motion, Plaintiff admitted that the summons as to AliExpress was not served upon AliExpress, but rather upon Alibaba Group's registered agent in Delaware, claiming that Alibaba Group is the parent company of AliExpress. *Id.* at ¶12.

6. AliExpress is not owned by Alibaba Group.

7. AliExpress is based in Singapore. *See* Corporate Disclosure Statement Of Defendant AliExpress [ECF 99]. It is 100% owned by AliExpress International E-Commerce Pte. Ltd., which is also based in Singapore. *Id.*

8. On January 8, 2024, a Clerk's Default was entered against AliExpress [ECF 85].

9. AliExpress was not aware of this matter until January 6, 2025, upon being forwarded a copy of Plaintiff's motion for default judgment [ECF 93] after Plaintiff mailed a copy to a different Alibaba entity.

10. Upon receipt of Plaintiff's motion for default judgment, AliExpress diligently investigated this case. Within a week, by January 10, 2025, AliExpress retained counsel and, without waiving service of process and without waiving any other jurisdictional objection or defense, appeared in this case [ECF 96].

11. On the same day, AliExpress also moved to set aside the Clerk's Default [ECF 97], and submitted its brief in opposition to Plaintiff's motion for default judgment [ECF 98].

12. Immediately after AliExpress moved to set aside the Clerk's Default, Plaintiff called counsel for AliExpress. During the communications, Plaintiff admitted and further confirmed in writing that he never served AliExpress. Exhibit 1 – Correspondence from David J. Catanzaro to Zhen Pan dated January 10, 2025 ("Service was [allegedly] accepted by Alibaba Group's registered agent" in California).

## **QUESTION INVOLVED**

1. Whether this Court should set aside the Clerk's Default under Federal Rule of Civil Procedure 55(a) when there is no record showing that Plaintiff duly served process upon AliExpress.

2. Whether this Court should set aside the Clerk's Default under Rule 55(c) given Plaintiff's failure to serve AliExpress directly, AliExpress' prompt response to this lawsuit, and the lack of prejudice to Plaintiff.

# ARGUMENT

## I. The Clerk's Default Should Be Set Aside under Rule 55(a) for Insufficient Service of Process.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citing Fed. R. Civ. P. 55(a)). "As a precondition to entry of either default or default judgment, Fed. R. Civ. P. 55(a) requires a showing that the party has failed to plead or otherwise defend as provided by these rules." *Id.* The record lacks any showing that AliExpress was properly served with this lawsuit, as reflected in the case docket and admitted by Plaintiff himself.

Plaintiff attempted to satisfy the service requirement by serving Alibaba Group in Delaware, apparently based on his unfounded belief that Alibaba Group is the parent company of AliExpress. But the parent company of AliExpress is AliExpress International E-Commerce Pte. Ltd. based in Singapore. *See* Corporate Disclosure Statement Of Defendant AliExpress [ECF 99].

Even assuming *arguendo* that Alibaba Group is the parent company of AliExpress, the alleged service upon Alibaba Group is still not adequate to constitute valid service upon AliExpress. The Supreme Court of Pennsylvania concluded that "service of process on a parent corporation was not adequate to constitute service on its subsidiary corporations where there was no evidence in the record to

5

indicate that the subsidiaries conducted business at the address where the plaintiff served the parent corporation." *Babb-Alibey v. Lippman*, 296 A.3d 584 (Pa. Super. Ct. 2023) (discussing *Delaware Valley Surgical Supply Co., Inc. v. Geriatric & Medical Ctrs., Inc.*, 299 A.2d 237 (Pa. 1973)).[1] This is not the case here, as AliExpress is based in Singapore, not in the U.S.

Given the invalid service of process upon AliExpress, the Clerk's Default against AliExpress must be set aside. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) ("Thus, where, as here, the plaintiffs cannot make such a showing, because it appears from the record that they have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of default judgment would be proper."); *Md. State Firemen's Ass'n*, 166 F.R.D. at 355 ("Since service of process was invalid, the Clerk's Entry of Default was improper and the Court will set it aside."); *Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (setting aside clerk's entry of default judgment because the plaintiff "had not properly served the complaint upon" the defendant).

---

[1] "Under the federal rules, a plaintiff may serve process pursuant to the law of the state in which the district court is located, or in which service is effected." *Md. State Firemen's Ass'n*, 166 F.R.D. at 355.

## II. The Clerk's Default Should Be Set Aside for Good Cause.

Federal Rule of Civil Procedure 55(c) provides that the Court may also, or in the alternative, set aside the Clerk's Default for good cause. Courts generally consider six factors for good cause: "(1) whether the party in default has a meritorious defense; (2) whether it acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) prejudice to the party; (5) the history of dilatory action; and (6) the availability of less drastic sanctions." *Fort v. Branch Banking & Tr. Co.* (*In re JAT, Inc.*), Nos. 13-07552-HB, 15-80205-HB, 2016 Bankr. LEXIS 841, at *13 (Bankr. D.S.C. Mar. 16, 2016).[2] In addition, courts have "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id*. "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

### 1. Meritorious Defenses

"The standard for showing a meritorious defense is not high and requires merely some possibility of a result in [AliExpress'] favor at trial." *Fort*, 2016 Bankr.

---

[2] A copy of the unpublished opinion is attached as Exhibit 2 pursuant to Local Rule 7.8.

LEXIS 841, at *14-15. At the very least, AliExpress has a viable defense based on the statute of limitations.[3]

The statute of limitations for patent infringement is six years, and "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action" under 35 U.S.C. § 286. *Metro. Wire Corp. v. Falcon Prods.*, 528 F. Supp. 897, 902 n.5 (E.D. Pa. 1981). This lawsuit was filed on November 4, 2022. As such, any infringement prior to November 4, 2016 is barred. In addition, Plaintiff has admitted that the patent upon which the lawsuit is predicated expired on December 30, 2016. Third Am. Compl. [ECF 14], at ¶3. Thus, at best for Plaintiff his claims are limited to any alleged infringement committed from November 4, 2022 to December 30, 2022. *Id.* But the complaint does not allege any infringement committed by AliExpress during that short period. As such, it is likely that AliExpress would prevail at trial, assuming that the case is not disposed of well before then, either by dismissal or summary judgment.

---

[3] The operative complaint is extremely vague and conclusory. *See generally* Third Am. Compl. [ECF 14]. It does not specify any conduct committed by AliExpress. This prevents counsel from further assessing potential defenses at this point.

## 2. Reasonable Promptness

AliExpress acted diligently to set aside the Clerk's Default. Within a week of discovering the pending lawsuit, AliExpress hired counsel to challenge the Default. "Such prompt action clearly demonstrates a timely effort to set aside the entry of default." *Fort*, 2016 Bankr. LEXIS 841, at *15-16.

## 3. Personal Responsibility

AliExpress bears no responsibility for failure to respond to the lawsuit because it was never duly served with process.

## 4. Prejudice to Plaintiff

This case is still at its early stage. No answer to the complaint has been filed by any Defendant. No discovery conference has been held yet. No trial has been set. As such, allowing AliExpress to respond to the complaint would not delay this case. Plaintiff cannot claim any prejudice under the circumstances.

## 5. Dilatory Action

The term "dilatory" in this context refers to as "designed or tending to cause delay" or "given to or characterized by tardiness." *Fort*, 2016 Bankr. LEXIS 841, at *18. Nothing in the record supports a finding of dilatory conduct on the part of AliExpress, much less a history of that. By contrast, AliExpress diligently responded to this lawsuit after it learned of it on January 6, 2025.

### 6. No Sanctions

There is no reason to sanction AliExpress under the circumstances, as Plaintiff deliberately avoided serving it directly.

Therefore, all six factors weigh heavily in favor of setting aside the Clerk's Default.

## CONCLUSION

For the foregoing reasons, this Court should set aside the Clerk's Default.

Dated: January 15, 2025            Respectfully submitted,

By: */s/ Caitlin P. Strauss, Esq.*
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu (*Pro Hac Vice Forthcoming*)
Florida Bar Number: 1044670
E-mail: piwu@diazreus.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2025, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN  37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY  11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA  91761

DHGATE
381 Brea Canyon Road
Walnut, CA  91789

/s/ Caitlin P. Strauss, Esq.
Caitlin P. Strauss
*Counsel for Defendant AliExpress*

11