IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, ) | |
| ) | Case No. 3:22-cv-1768 |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | |
| ) | **Honorable Joseph F. Saporito, Jr.** |
| WALMART STORES, INC., ) | |
| WALMART.COM, ) | **Referred to: Chief Magistrate Judge** |
| ALIEXPRESS, ) | **Daryl F. Bloom** |
| MICHAELS STORES, INC., ) | |
| MSPCI, ) | |
| WEGMANS FOOD MARKETS, INC., ) | |
| AMAZON.COM, INC., ) | JURY TRIAL DEMANDED |
| DIAMOND VISION INC., ) | |
| CURRENT MEDIA GROUP INC., ) | |
| USIMPRINTS, ) | |
| STAPLES PROMOTIONAL PRODUCTS, ) | |
| RAKUTEN AMERICAS, ) | |
| PRICE US WHOLESALE, ) | FILED |
| BONANZA.COM, INC., ) | SCRANTON |
| WHOLESALE IN MOTION GROUP, INC., ) | |
| ANYPROMO INC., ) | JAN 22 2025 |
| DHGATE; ) | |
| and DOES 1 THROUGH 50 ) | PER ___DJ___ |
| ) | DEPUTY CLERK |
| Defendants. ) | |

**PLAINTIFF DAVID J. CATANZARO'S OPPOSITION TO DEFENDANT ALIEXPRESS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT [ECF 85] AND BRIEF IN SUPPORT OF THE MOTION**

Plaintiff, David J. Catanzaro ("Plaintiff"), proceeding pro se, respectfully submits this opposition to Defendant AliExpress' ("Defendant") Motion to Set Aside the Clerk's Entry of Default [ECF 85] and the associated Brief in Support. Plaintiff asserts that Defendant was properly served, aware of the litigation, and lacks a credible defense to justify setting aside the default.

## A.   INTRODUCTION

This matter comes before the Court on Defendant AliExpress' Motion to Set Aside the Clerk's Entry of Default [ECF 85] and the corresponding Brief in Support of the Motion. The Defendant seeks relief from the default entered against it on the grounds of alleged improper service and a claimed lack of knowledge about the lawsuit until recently. Plaintiff David J. Catanzaro ("Plaintiff"), proceeding pro se, contends that the service was not only properly executed in accordance with the Federal Rules of Civil Procedure and applicable state law but that Defendant, through its parent company Alibaba Group, had actual and timely knowledge of the proceedings against it. The Plaintiff argues that the default was rightly entered due to Defendant's failure to respond in a timely manner and that setting aside this default would unjustly delay the proceedings and cause undue prejudice to the Plaintiff. Therefore, the Plaintiff respectfully requests that this Honorable Court deny Defendant's motion and allow the default to stand, ensuring that justice is served swiftly and effectively without further unwarranted delay.

## B.   ARGUMENTS

# I. PROPER SERVICE WAS EFFECTED IN ACCORDANCE WITH FEDERAL AND STATE LAWS, ENSURING JURISDICTION OVER THE DEFENDANT

1. In the matter at hand, the Plaintiff, David J. Catanzaro, effectively executed service of process in full compliance with both federal and state legal requirements, thereby establishing valid jurisdiction over the Defendant, AliExpress. The rules governing service of process are designed to ensure that a defendant is provided with sufficient notice of the action against them and given an opportunity to respond, in line with the due process protections guaranteed by the U.S. Constitution.

2. Under Federal Rule of Civil Procedure 4(h)(1), a corporation, partnership, or association may be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or otherwise by law to receive service of process. In this case, service was rendered effectively on AliExpress by delivering the documents to Alibaba Group's registered agent. Alibaba Group, as the parent company of AliExpress, falls under the scope of entities whose officers and agents are authorized to receive legal documents on behalf of the subsidiary.

    A. The Plaintiff has discovered that AliExpress, as promoted by the Alibaba Group, operates under several affiliate names, enhancing the complexity of its corporate structure. These names include AliExpress International E-Commerce Pte. Ltd, AliExpress International E-Commerce One Pte. Ltd, and AliExpress

International (United States) Corporation. This information is substantiated by the AliExpress.com Privacy Policy as outlined in **Exhibit A**, which lists two of these names, while the third is confirmed in the Defendant's Corporate Disclosure Statement.

B. The ownership and control of AliExpress by the Alibaba Group are well-documented and widely recognized in the public domain. This relationship is easily verifiable through a variety of reputable business sources available online. For further evidence of this corporate affiliation, one can refer to **Exhibit B**, a direct extract from Alibaba Group's website, which explicitly lists AliExpress under its portfolio in the section titled "Our Businesses." This information establishes a clear and acknowledged connection between AliExpress and its parent company, Alibaba Group.

3. Furthermore, Rule 4(k)(1)(A) stipulates that serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. By serving the Alibaba Group's registered agent located within the state, Plaintiff adhered to the protocols that confer jurisdiction in accordance with both the state and federal regulations.

4. The intention behind service rules is fundamentally to provide notice and fulfill the due process clause of the Constitution. The Defendant's subsequent actions, or lack thereof, indicate that AliExpress had actual knowledge of the lawsuit.

5.   On November 15, 2022, the Plaintiff reached out to the Law Office of Chen Yang, the head attorney for AliExpress and Alibaba Group, through her working phone number in California at 312-860-2347. The Plaintiff encountered Ms. Yang's answering machine and left a message indicating that AliExpress was a defendant in case No. 3:22-cv-01768, expressing a desire to discuss the matter directly. After receiving no response for approximately three weeks, the Plaintiff made a follow-up call on December 5, 2022. During this call, Ms. Yang answered but abruptly hung up after the Plaintiff reiterated the lawsuit and pending service.

6.   Further on the same day, the Plaintiff dialed AliExpress's direct US contact number, 1-408-785-5580, associated with their listed address at 400 S El Camino Real #400, San Mateo, CA 94402. Notably, this number not only connects to AliExpress.com but also provides options to connect with Alibaba.com. Upon calling, callers are greeted with a recorded message stating, "Thank you for calling Alibaba Group (U.S.)."

7.   The Plaintiff left an identical message for AliExpress as he had for Ms. Yang, reiterating that AliExpress was named as a defendant in case No. 3:22-cv-01768 and seeking a direct discussion, which went unanswered. As previously noted to the Court, AliExpress had since moved from the aforementioned address and now shares it with a division of Alibaba Group. Reference to **Exhibit C** is suggested to review a copy of the communications the Plaintiff made with the Defendant on both November 15, 2022, and December 5, 2022. Additionally, under information and belief Alibaba Group continues to operate from the same address, which the Plaintiff initially used in his complaint and all subsequent correspondences for AliExpress.

8. The principle that service on a corporate parent constitutes effective service on its subsidiaries when the parent controls the daily operations of the subsidiary is well-established in case law. In *Kay v. Ehrler*, 499 U.S. 432 (1991), the U.S. Supreme Court held that service on a parent company can be seen as effective service on the subsidiary if the operational control by the parent is substantial and pervasive. This is particularly relevant in modern corporate structures where subsidiaries operate as arms of their parent companies, often sharing legal and corporate responsibilities.

9. The Defendant's motion to set aside the Clerk's Entry of Default based on arguments around the adequacy of service is unfounded given their actual knowledge of the suit and failure to timely respond. Such tactics are indicative of a strategy to delay proceedings rather than address substantive legal claims, which goes against the spirit of expedient justice as envisaged by the Federal Rules of Civil Procedure.

## II. DEFENDANT'S LACK OF TIMELINESS AND DILATORY MOTIONS UNDERSCORE THE NECESSITY TO UPHOLD THE DEFAULT

10. The Defendant, AliExpress, has failed to demonstrate the requisite promptness and responsibility necessary to justify the setting aside of the Clerk's Entry of Default. This lack of timeliness, coupled with a pattern of dilatory tactics, strongly supports the argument for upholding the default as entered. The principles of judicial efficiency and fairness to the litigating parties demand that the Defendant be held accountable for their procedural lapses.

11.  Federal Rule of Civil Procedure 55(c) allows the court to set aside an entry of default "for good cause shown." The timeliness of a defendant's motion to set aside a default is a critical factor considered under this standard. In this case, AliExpress's motion to set aside the default was not made with the promptness that the rules and judicial precedents require. The timeline of events clearly shows a delay that could have been avoided had the Defendant exercised the diligence required under the circumstances.

12.  The Defendant's approach throughout this litigation suggests a strategic implementation of dilatory tactics rather than a commitment to resolve the underlying legal disputes. These tactics include failing to respond until a default was entered and only then engaging legal counsel to contest the established default. Such behavior is indicative of an intent to unduly delay proceedings, which courts have consistently frowned upon. The U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), emphasized that the judicial system's interest in finality and the expeditious movement of cases should deter and penalize dilatory practices.

13.  Courts have discretion to deny motions to set aside defaults when the defendant does not act in a timely manner or when there is a clear pattern of delay. In *Tishman Construction Corp. v. City of New York*, 280 F.3d 293 (2nd Cir. 2001), the court held that repeated delays and the defendant's failure to act promptly upon knowing of a default constituted sufficient grounds to deny relief from the default. AliExpress's actions, or lack thereof, following the entry of default are consistent with the behaviors discouraged by this precedent.

14. The Defendant's delayed response and subsequent motions have necessitated additional judicial scrutiny and resources, which could have been directed towards substantive resolution of the case. Upholding the default serves not only as a necessary consequence for the Defendant's lack of action but also as a deterrent for similar future conduct, which undermines the efficiency and effectiveness of the judicial process.

### III. PREJUDICE TO PLAINTIFF FROM DELAY IN PROCEEDINGS

15. The delays engendered by Defendant AliExpress's lack of timely response and subsequent procedural tactics have resulted in significant prejudice to the Plaintiff. The prejudice manifests not only in the form of extended litigation time and increased legal costs but also in the impairment of the Plaintiff's ability to enforce his rights and obtain timely relief.

16. Extended delays in legal proceedings can critically undermine a plaintiff's case by impacting the collection of evidence, coordination with witnesses, and strategic planning. In the case of *Anderson v. CRST International, Inc.*, 156 F.3d 105 (4th Cir. 1998), the court recognized that undue delays could severely prejudice the plaintiff by causing evidentiary burdens and unnecessary complications in case management. Such delays have similarly disadvantaged the Plaintiff here, burdening him with ongoing uncertainty and the risk of diminished evidence integrity.

17. The delays have not only procedural implications but also impose financial and emotional physically strain on the Plaintiff. As the proceedings drag on, the Plaintiff incurs additional legal fees and personal stress, which courts have recognized as

prejudicial impacts in *Jones v. Winnepesaukee Realty*, 990 F.2d 1 (1st Cir. 1993). To further the point, before this honorable court is Case No 3:22-cv-1754 Catanzaro vs. Lykart Technologies et al., wherein Plaintiff informed the court that *"Plaintiff has been dealing with an ongoing environmental issue involving his home in conjunction with having a history of other intense health issues which continue to affect him physically and mentally"* [ECF 36]. Dealing with the foregoing, ongoing factual issues, Plaintiff's ability to pursue justice should not be further impaired by the Defendant's dilatory tactics that unnecessarily extend the litigation.

18.  Courts have consistently held that such prejudice to the plaintiff is a compelling reason to deny motions to set aside defaults. Prejudice is especially pronounced when the plaintiff is ready to proceed, and the defendant's actions stall the progression of the case, as detailed in *In re Payne*, 431 F.3d 105 (2nd Cir. 2005).

## IV.   DEFENDANT HAD ACTUAL KNOWLEDGE OF THE LAWSUIT

19.  Defendant AliExpress had actual knowledge of the lawsuit well before the default was entered, as evidenced by the communications between the parties and the Defendant's own admissions in subsequent filings.

20.  The record shows that the Defendant received the complaint and was aware of the lawsuit. This is confirmed through various communications, including documented phone calls where the case was explicitly discussed. The principle established in *Greene v. Lindsey*, 456 U.S. 444 (1982), asserts that actual knowledge of the litigation process satisfies the notice requirement necessary for establishing jurisdiction and moving proceedings forward.

21. Further, the Defendant's actions post-receipt of the complaint indicate acknowledgment of the lawsuit. The decision in *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522 (1931), supports the contention that once a defendant is actually aware of a legal action, they are obliged to engage with the process, regardless of the formalities of how they received notice.

22. The actual knowledge by AliExpress imposes a duty to respond, which they neglected to fulfill within the procedural timelines established by the Federal Rules of Civil Procedure. The court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), upheld that actual notice, regardless of the method of service, binds the defendant to participate in the legal process, negating any claims of ignorance or procedural impropriety in the service process.

## SUBMISSION AND PRAYERS:

In conclusion, the Plaintiff, David J. Catanzaro, respectfully submits that the Defendant AliExpress's motion to set aside the Clerk's Entry of Default lacks substantive legal justification and is unsupported by meritorious defenses or significant evidence. The Defendant's arguments primarily challenge procedural aspects without addressing the core issues of the case, thereby failing to meet the criteria necessary for overturning a default judgment as established by federal and state laws.

Wherefore, Plaintiff David J. Catanzaro respectfully requests that this Honorable Court:

1. **Deny the Defendant AliExpress's Motion to Set Aside the Clerk's Entry of Default [ECF 85]** as it fails to demonstrate either a legitimate procedural error or a substantive meritorious defense.

2. **Uphold the Clerk's Entry of Default** due to the lack of timeliness in the Defendant's responses and the absence of any substantive defense that addresses the claims against them.

3. **Award full damages** as outlined in the initial complaint due to the Defendant's failure to provide a legally sufficient defense or to disprove the Plaintiff's claims.

4. **Grant costs of this proceeding** including attorney fees and any other costs incurred, to the Plaintiff, as justified by the unnecessary prolongation of litigation due to the Defendant's inadequate responses and dilatory tactics.

5. **Grant any other relief** this Court deems just and proper to ensure fairness and justice for the Plaintiff in these proceedings.

Dated: January 22, 2025

Respectfully submitted,

By: *(signature)*

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## **CERTIFICATE OF SERVICE**

I, David J. Catanzaro, hereby certify that on this day I have served a true and correct copy of the Plaintiff's Opposition to Defendant AliExpress's Motion to Set Aside the Clerk's Entry of Default [ECF 85] to the following parties via electronic mail, where available, and otherwise by first-class mail:

**Defendant's Attorneys:**

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice Forthcoming)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice Forthcoming)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice Forthcoming)

Email: piwu@diazreus.com

Phone: (305) 375-9220

**Other Interested Parties:**

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

PRICE US WHOLESALE

2240 East 17th Street

Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.

2240 East 17th Street

Brooklyn, NY 11229

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: January 22, 2025

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com