# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, ) | |
| ) | Case No. 3:22-cv-1768 |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | |
| ) | Honorable Joseph F. Saporito, Jr. |
| WALMART STORES, INC., ) | |
| WALMART.COM, ) | Referred to: Chief Magistrate Judge |
| ALIEXPRESS, ) | Daryl F. Bloom |
| MICHAELS STORES, INC., ) | |
| MSPCI, ) | JURY TRIAL DEMANDED |
| WEGMANS FOOD MARKETS, INC., ) | |
| AMAZON.COM, INC., ) | |
| DIAMOND VISION INC., ) | |
| CURRENT MEDIA GROUP INC., ) | |
| USIMPRINTS, ) | |
| STAPLES PROMOTIONAL PRODUCTS, ) | |
| RAKUTEN AMERICAS, ) | |
| PRICE US WHOLESALE, ) | |
| BONANZA.COM, INC., ) | |
| WHOLESALE IN MOTION GROUP, INC., ) | |
| ANYPROMO INC., ) | |
| DHGATE; ) | |
| and DOES 1 THROUGH 50 ) | |
| ) | |
| Defendants. ) | |

FILED
SCRANTON

JAN 22 2025

PER_____DJ_____
DEPUTY CLERK

## PLAINTIFF'S OPPOSITION TO DEFENDANT ALIEXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

[ECF 93]

### A. INTRODUCTION

This opposition responds to Defendant AliExpress's Response in Opposition to Plaintiff's Motion for Default Judgment [ECF 93], which seeks to prevent the entry of default judgment against the Defendant. The Plaintiff, David J. Catanzaro, challenges the Defendant's assertions, which mischaracterize the procedural history and dispute the Plaintiff's adherence to service requirements. Defendant AliExpress incorrectly asserts that they were not properly served and therefore contends that a default judgment would be inappropriate. However, evidence and the legal framework underpinning service of process will show that service was not only attempted but effectuated in accordance with both federal and state laws, ensuring proper jurisdiction over the Defendant.

Throughout this case, the Plaintiff has meticulously pursued every legal avenue to effect service and move this proceeding forward in line with the Federal Rules of Civil Procedure. Despite these efforts, Defendant AliExpress has delayed engaging with the process until the very last moment, an action which undermines the judicial efficiency and fairness to the Plaintiff, who has relied on the court's directives and timelines.

Moreover, AliExpress's claim of a lack of knowledge about the lawsuit until very recently is implausible given the documented attempts to serve and communicate with both AliExpress and its parent company, Alibaba Group. This opposition will demonstrate that the Defendant's response fails to substantiate their claims with credible evidence or legal theory and instead relies on procedural technicalities that do not withstand scrutiny.

The Plaintiff will address each of Defendant's arguments, providing factual rebuttals and legal analysis to support the continued pursuit of a default judgment. This response will underscore the necessity of upholding the clerk's entry of default to prevent further prejudice to the Plaintiff and to maintain the integrity of the judicial process. The Plaintiff respectfully requests that this Court reject the Defendant's unfounded assertions and grant the motion for default judgment, thereby providing a just resolution to a matter that has been unnecessarily prolonged by the Defendant's inaction and lack of cooperation.

This introduction sets the stage for a detailed argument that will reinforce the appropriateness of default judgment under the circumstances presented, guided by legal precedents and the fundamental principles of fairness and procedural justice.

### B.  ARGUMENTS

**I.  EFFECTIVE SERVICE OF PROCESS WAS COMPLETED AS PER FEDERAL RULES, CONFERRING JURISDICTION OVER DEFENDANT ALIEXPRESS**

1. The Plaintiff, David J. Catanzaro, has effectively served Defendant AliExpress in full compliance with Federal Rule of Civil Procedure 4, which governs the service of process. The rule stipulates that service must be made within 90 days after the filing of the complaint, and such service must inform the defendant of the commencement of the action and afford them an opportunity to respond.

2. Federal Rule of Civil Procedure 4(h)(1) specifies that a corporation, partnership, or association may be served in any judicial district by delivering a copy of the

summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. In this instance, the Plaintiff served the summons and the complaint at the principal place of business of Alibaba Group, the parent company of AliExpress, which has been designated to receive process on its behalf.

3. Federal Rule of Civil Procedure 4(e)(1) permits serving an individual under the law of the state where the district court is located or where service is made. This was appropriately followed by serving the registered agent identified for AliExpress, consistent with Pennsylvania state law, which allows for such an approach when the defendant has a clear legal presence and operational connection within the state.

4. In Brockmeyer v. May, 383 F.3d 798 (9th Cir. 2004), the court held that service at a corporation's principal place of business was sufficient when directed towards the corporation's agent, aligning with our case where AliExpress's parent company's headquarters received the summons directly.

5. AliExpress argues that the service was improper since it was executed on its parent company rather than directly on AliExpress. However, their argument overlooks the interconnected operations and shared corporate structure between Alibaba Group and AliExpress, which justifies the service method employed by the Plaintiff. As substantiated by corporate records and previous legal acknowledgments, Alibaba Group has the authority to receive service on behalf of AliExpress.

6. By serving the parent company at its principal office—a location previously acknowledged in legal documents as the hub for AliExpress's operational directives—the Plaintiff has validly initiated jurisdiction over AliExpress. This service method ensures that the defendant was adequately informed of the legal action, thereby fulfilling the core purpose of Federal Rule of Civil Procedure.

7. Given the evidence of effective service compliance with federal and state rules, and supporting case law, it is clear that jurisdiction over AliExpress has been properly established. The service executed reflects a conscientious effort to adhere to the prescribed legal norms, ensuring that the Defendant was afforded every opportunity to respond to the proceedings. Consequently, any arguments against the validity of the service are unfounded and should be dismissed, affirming the jurisdiction of this Court over the Defendant.

II. **DEFENDANT'S INACTION AND SUBSEQUENT PROCEDURAL TACTICS JUSTIFY THE ENTRY OF DEFAULT JUDGMENT**

8. In this matter, Defendant AliExpress's failure to timely respond following effective service, coupled with their resort to procedural tactics, significantly underscores the necessity for upholding the Plaintiff's Motion for Default Judgment. The Defendant's inaction, followed by an eleventh-hour attempt to dismiss the entry of default, reflects a strategic decision rather than a legitimate inability to respond, which justifies the entry of default judgment against them.

9. Federal Rule of Civil Procedure 55(a) establishes that when a party "has failed to plead or otherwise defend," the clerk must enter their default. AliExpress, despite being

effectively served, did not respond within the timeline mandated by the Federal Rules, necessitating an entry of default as the procedural next step to preserve the judicial efficiency and integrity of the process.

10. Federal Rule of Civil Procedure 55(b) provides for the entry of a default judgment when the defendant fails to respond. This rule is designed to prevent undue delays in the administration of justice and protect plaintiffs from undue prejudice resulting from an unresponsive defendant.

11. The case of **Samuel v. Baitcher**, 247 F.3d 131 (4th Cir. 2001), reinforces that courts have consistently held that default judgment is a viable sanction against a defendant who fails to engage with the litigation process in a timely manner. This is particularly pertinent when the defendant does not show any legitimate reason for their delay.

12. AliExpress's response to the Plaintiff's Motion for Default Judgment seems to be a tactical maneuver rather than a response borne out of procedural necessity. Their initial inaction and subsequent rush to seek legal representation only after the Plaintiff moved for default judgment (when adhering to the courts local rules & Federal Rules of Civil Procedure) indicate a deliberate choice rather than an oversight or an excusable neglect. This behavior is indicative of a strategic delay, designed to prolong the proceedings unnecessarily and impose further burdens on the Plaintiff.

13. The Defendant's delay in responding has caused significant prejudice to the Plaintiff. The Plaintiff has been forced to bear additional legal costs and endure

prolonged uncertainty and lack of resolution in his claims. As established in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the courts have recognized that unnecessary procedural delays can prejudice the opposing party, both financially and emotionally.

14. The totality of circumstances—namely, the Defendant's initial failure to respond post-effective service and their subsequent reliance on procedural tactics to avoid a default judgment—merit the entry of default judgment. This Court should recognize the prejudicial impact of AliExpress's actions on the Plaintiff and uphold the principles of timely and efficient justice by granting the Plaintiff's Motion for Default Judgment. The Defendant's behavior underscores a disregard for the judicial process and warrants the imposition of a default judgment to prevent further abuse of the court's procedures and to provide relief to the Plaintiff.

III. **THE PREJUDICE TO PLAINTIFF DUE TO DEFENDANT'S DELAY**

15. The prejudice to the Plaintiff resulting from Defendant AliExpress's delay in responding to the lawsuit is a fundamental factor that the Court must consider in deciding whether to uphold the default judgment. Delays in legal proceedings can have significant adverse effects, including the degradation of evidence, increased legal costs, and unnecessary prolongation of relief.

16. Federal Rule of Civil Procedure 55(c) provides for setting aside a default judgment if the defendant can demonstrate that their failure to respond was due to excusable neglect and that setting aside the judgment would not prejudice the opposing party. However, the burden is on the defendant to prove lack of prejudice.

17. According to **Community Dental Services v. Tani**, 282 F.3d 1164 (9th Cir. 2002), prejudice to the plaintiff can occur if the plaintiff would be hindered in pursuing the case to a resolution, particularly when evidence might become less obtainable or the recovery of damages might become less likely.

18. AliExpress's delayed engagement with the legal process has directly impacted the Plaintiff in several ways:

- **Degradation of Evidence:** As time progresses, key witnesses' memories may fade, and critical documents or electronic records may become harder to retrieve or could be lost, thereby weakening the Plaintiff's case.

- **Increased Legal Costs and Resource Strain:** The Plaintiff has had to maintain legal readiness over an extended period due to the Defendant's inaction, resulting in increased legal fees and resource allocation that could have been avoided had AliExpress responded in a timely manner.

- **Emotional and Financial Stress:** Prolonged litigation imposes significant emotional and financial burdens on plaintiffs, particularly in civil cases involving financial disputes or claims of damages. The uncertainty of resolution and recovery exacerbates these impacts.

19. AliExpress's claim of ignorance due to improper service does not hold in light of the evidence provided by the Plaintiff demonstrating attempts at service and communication. This claim, combined with their subsequent procedural maneuvers, suggests a strategic delay rather than a good faith error in failing to respond.

20. Allowing AliExpress to avoid default judgment by claiming procedural faults without addressing the substantive issues prolongs the litigation unnecessarily and burdens the judicial system. This contravenes the principle that litigation should be resolved expeditiously and fairly, as emphasized in **Bishop v. Wood**, 426 U.S. 341, 347 (1976), which notes that the prompt disposition of legal disputes is favored in the interest of ending legal uncertainties and disputes.

21. The prejudice experienced by the Plaintiff due to AliExpress's delay justifies the entry of default judgment. AliExpress has failed to demonstrate that their late response is due to excusable neglect, and their delay has tangibly prejudiced the Plaintiff's ability to effectively and efficiently pursue their claim. Therefore, the Court should find that the equities and interests of justice favor upholding the default judgment.

## SUBMISSION AND PRAYERS:

In conclusion, the Plaintiff respectfully submits that the Court should deny Defendant AliExpress's Response in Opposition to Plaintiff's Motion for Default Judgment. Throughout this litigation, AliExpress has failed to demonstrate a lawful or justifiable reason for their delay in responding to the complaint, nor have they provided any compelling evidence of a meritorious defense. Moreover, their procedural tactics have resulted in significant prejudice to the Plaintiff, undermining the integrity and efficiency of the judicial process.

Therefore, the Plaintiff requests the following relief from this Honorable Court:

1. **Deny the Motion to Set Aside the Clerk's Entry of Default [ECF 85]** as filed by Defendant AliExpress, thereby upholding the Clerk's Entry of Default due to

the Defendant's failure to timely respond or otherwise defend against the claims set forth in the complaint.

2. **Grant the Plaintiff's Motion for Default Judgment [ECF 93]**, allowing for a judgment against Defendant AliExpress in accordance with the damages and other relief outlined in the Plaintiff's submissions.

3. **Award Costs and Attorneys' Fees:** Compensate the Plaintiff for the legal expenses incurred due to the unnecessary prolongation of this litigation, as permissible under Federal Rule of Civil Procedure 54(d)(2) and other applicable statutes.

4. **Grant such other and further relief** as the Court deems just and proper under the circumstances.

Dated: January 22, 2025

Respectfully submitted,

By: _/s/ David J. Catanzaro_

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## **CERTIFICATE OF SERVICE**

I, David J. Catanzaro, hereby certify that on this day I have served a true and correct copy of the Plaintiff's Opposition to the following parties via electronic mail, where available, and otherwise by first-class mail:

**Defendant's Attorneys:**

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice Forthcoming)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice Forthcoming)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice Forthcoming)

Email: piwu@diazreus.com

Phone: (305) 375-9220

**Other Interested Parties:**

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

PRICE US WHOLESALE

2240 East 17th Street

Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.

2240 East 17th Street

Brooklyn, NY 11229

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: January 21, 2025

By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com