## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro | Case No.: 3:22-cv-01768-JFS-DFB |
| Plaintiff, | |
| v. | Judge Joseph F. Saporito, Jr. |
| Walmart Stores, Inc., et al. | Referred to: Chief MJ Daryl F. Bloom |
| Defendants. | |

### DEFENDANT ALIEXPRESS' REPLY IN SUPPORT OF
### MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

Defendant AliExpress, without waiving service of process and any other objection or defense, including objections to personal jurisdiction, submits this reply brief in support of its Motion to Set Aside the Clerk's Entry of Default, and states:

**I.    Plaintiff's Service of Process Is Insufficient.**

Plaintiff admits that he never served AliExpress directly. Res. at 3. Instead, Plaintiff asserts that he "deliver[ed] the documents to Alibaba Group's registered agent," under his unfounded belief that Alibaba Group, if such entity ever exists,[1] is "the parent company of AliExpress." *Id.* This is patently insufficient.

As previously noted, AliExpress is a Singapore company with no parent in the U.S. [ECF 99]; [ECF 100 at 2]. None of the documents relied on by Plaintiff show

---

[1]    Plaintiff has not provided the full entity name upon which he allegedly served the complaint.

any relationship between AliExpress and any entity with the name "Alibaba Group" or otherwise justify the purported service of process upon AliExpress.

Plaintiff first cites to a document titled "AliExpress.com Privacy Policy." Resp. Ex. A. However, no mention of "Alibaba Group" can be found in that document. *Id.*

Plaintiff next offers a screenshot of the website, alibabagroup.com, which still does not show who owns AliExpress. *See* Res. Ex. B.

Finally, Plaintiff attaches a self-created summary memorializing his alleged telephonic communications with "Chen Yang, [identified by Plaintiff as the] head attorney for AliExpress." Res. at 5, Ex. C. Assuming said communications in fact took place, that still does not constitute valid service of process upon AliExpress, as no legal authority authorizes service of process through telephonic means.

Because both AliExpress and its parent company are based in Singapore, any alleged attempt by Plaintiff to serve AliExpress within the U.S. fails. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995); *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 355 (D. Md. 1996); *Wilson v. Farley*, 203 F. App'x 239 (11th Cir. 2006).

Therefore, this Court should set aside the Clerk's Default.

## II.    Plaintiff Fails to Rebut AliExpress' Showing of Good Cause and Misrepresents Authority.

Plaintiff concedes that AliExpress has a meritorious defense, which is "the most important factor" in determining good cause under Rule 55(c). *Sunoco, Inc. v. Glob. Recycling & Demolition, LLC*, 300 F.R.D. 253, 256 (E.D. Pa. 2014) (granting motion to set aside default judgments). Nevertheless, Plaintiff argues that AliExpress did not promptly respond to the lawsuit because AliExpress knew of the suit once Plaintiff allegedly served Alibaba Group in June 2023. Res. at 6-7. Plaintiff goes on to assert that AliExpress engaged in "a pattern of dilatory tactics" because it did not appear in the lawsuit until Plaintiff moved for a default judgment, and that Plaintiff would be prejudiced due to increased "legal fees and personal stress" should this Court set aside the Clerk's Default. *Id.* None of those arguments have merit.

Plaintiff cites to *Greene v. Lindsey*, 456 U.S. 444 (1982) for the proposition that a defendant is obligated to respond to a lawsuit once it is aware of the suit, "regardless of the method of service" used by Plaintiff. Mot. at 9-10. But *Greene* held the exact opposite – that service of process was insufficient because the defendants never saw the summonses sent by the plaintiff and did not know of the

3

lawsuit until they were served with writs of possession, which were executed after default judgments had been entered against them. *Id.* at 446-47.[2]

This is exactly what happened here. Because Plaintiff never served AliExpress in Singapore, AliExpress was not aware of this lawsuit until January 6, 2025. [ECF 100 at 2-3]. Upon learning about this suit, AliExpress acted diligently and, within a week, retained counsel and moved to set aside the Clerk's Default. [ECF 96-100]. Any delay for AliExpress to appear in this lawsuit is attributed solely to the fact that Plaintiff chose not to serve AliExpress directly and, instead, surreptitiously served a different entity within the U.S. Notably, Plaintiff knew the entity name of AliExpress as disclosed in the AliExpress Policy, which is attached by Plaintiff as Exhibit A to the Response brief. Yet, Plaintiff fails to explain why he did not serve AliExpress in Singapore in the first place.

Finally, Plaintiff argues that he would be prejudiced given the "additional legal fees and personal stress."[3] Res. at 8. But courts in this Circuit have routinely rejected this argument. In *Olivia B. v. Sankofa Acad. Charter Sch.*, No. 14-867, 2014 U.S. Dist. LEXIS 155993 (E.D. Pa. Nov. 4, 2014), the plaintiffs argued that they

---

[2]    Other cases cited by Plaintiffs – *Baldwin v. Iowa State Traveling Men's Asso.*, 283 U.S. 522 (1931) and *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) – did not address the issues of service of process and relief from a clerk's default.

[3]    It is curious for Plaintiff to assert that he would incur legal fees as he is a pro se litigant.

would suffer prejudice because the defendants' actions had "protracted the litigation, which cost plaintiffs tens of thousands of dollars in litigation expenses, and exerted heartbreaking emotional hardship on plaintiffs." *Id.* at *17. The court disagreed, holding that "cost and delay alone cannot establish prejudice, nor can emotional strain." *Id.* (citing *Kelly M. v. Luzerne Intermediate Unit*, 71 Fed. Appx. 116, 118 (3d Cir. 2003) (prejudice is not "the emotional strain of litigating an action on the merits")); *J.K. ex rel. Kpakah v. CSX Transp.*, No. 14-729, 2014 U.S. Dist. LEXIS 129959, 2014 WL 4632356, at *4 (E.D. Pa. Sept. 16, 2014) (rejecting delay and additional costs as grounds for finding prejudice).

"In order to establish prejudice, a plaintiff must show that their claim would be **materially** impaired because of the loss of evidence, an increased potential for fraud and collusion, substantial reliance on the entry of default, or other substantial factors." *Id.* (emphasis in original); *see also Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657(3d Cir. 1982). Plaintiff has not shown any of these factors. And none of the cases cited by Plaintiff addressed the issue of relief from a clerk's default. Res. at 8-9 (citing *In re Payne*, 431 F.3d 1055, 1057 (7th Cir. 2005) and *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 2 (1st Cir. 1993)).[4]

---

[4]     Plaintiff also cites to *Tishman Construction Corp. v. City of New York*, 280 F. 3d 293 (2nd Cir. 2001) and *Anderson v. CRST International, Inc.*,156 F.3d 105 (4th Cir. 1998), which the undersigned cannot locate because of the incorrect case citations.

## <u>CONCLUSION</u>

"Overall, defaults are disfavored by courts because they avert a decision on the merits. Therefore, the interests of justice warrant a decision on the merits rather than a default judgment in close cases." *Olivia*, 2014 U.S. Dist. LEXIS 155993, at *11(granting motion to set aside default) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)). This Court should set aside the Clerk's Default against AliExpress.

Dated: February 5, 2025              Respectfully submitted,

By: */s/ Zhen Pan*

Caitlin P. Strauss, Esq.
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu
Florida Bar Number: 1044670
E-mail: piwu@diazreus.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2025, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN  37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY  11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA  91761

DHGATE
381 Brea Canyon Road
Walnut, CA  91789

*/s/  Zhen Pan*
Zhen Pan
*Counsel for Defendant AliExpress*