# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br>　　　　Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>　　　　Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J Caraballo |

FILED
SCRANTON
FEB 12 2025
PER_____
DEPUTY CLERK

## PLAINTIFF'S SUR REPLY TO DEFENDANT ALIEXPRESS' REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

### INTRODUCTION

Plaintiff, David J. Catanzaro, proceeding pro se, respectfully submits this response in opposition to Defendant AliExpress' Reply in Support of its Motion to Set Aside the Clerk's Entry of Default. Defendant's arguments lack legal merit, misrepresent material facts, and fail to satisfy the burden required under Federal Rule of Civil Procedure 55(c) to justify vacating a properly entered default. The principles of finality and judicial efficiency dictate that AliExpress' default should not be set aside, particularly given its failure to timely respond despite having actual notice of this lawsuit. Plaintiff provides a thorough rebuttal to Defendant's

1

claims below, substantiated by applicable case law and legal principles.

## ARGUMENT

1. **Plaintiff's Service of Process Was Proper and Legally Sufficient**

Defendant erroneously contends that Plaintiff's service of process was inadequate because it was not directly served on AliExpress in Singapore. This assertion is unfounded and ignores the well-established principles of agency and corporate interconnectivity.

2. **Legal Framework for Service:** Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a foreign corporation through its designated agent in the United States. Courts have long held that where a foreign entity maintains an operational or managerial link to a domestic entity, service upon the domestic affiliate satisfies service requirements. See *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707-08 (1988).

3. **Defendant's Knowledge and Strategic Delay**

Defendant's attempt to dismiss Plaintiff's telephonic communications as irrelevant ignores the well-established principle that actual notice and corporate interconnectivity are critical considerations in service disputes. Defendant had ample knowledge of the claims against it and strategically delayed its response. Therefore, Defendant's argument should be rejected, and default should not be set aside.

4. **Contradictions in Defendant's Claims Regarding Its Parent Company**

Firstly, defendant negates that it even had a parent company but then defendant also claimed to have a parent company based in Singapore but never bothered to mention its name. The parent company of AliExpress is Alibaba Group (US division: "Alibaba Group (US) Inc.") which defendant is trying to suppress throughout this whole litigation.

5. **Demonstrated Relationship Between AliExpress and Alibaba Group:** Defendant falsely claims that no relationship exists between AliExpress and Alibaba Group (US) Inc. ("Alibaba Group"). However, AliExpress' own privacy policies, financial disclosures, and corporate documentation demonstrate an interdependent corporate structure. Courts recognize that service upon a U.S.-based agent of a foreign entity can be valid where corporate control exists. See *Schlunk*, 486 U.S. at 708.

6. **Service on Alibaba Group (Alibaba Group (US) Inc.) is Sufficient Due to the Corporate Relationship and Judicial Recognition of Alibaba and AliExpress' Corporate Link**

Even otherwise, Plaintiff served Alibaba Group (US) Inc., which is sufficient given the corporate relationship and operational control over AliExpress. The argument that AliExpress was not served is a defendant's move of technicality that does not reflect the reality of their corporate structure. This court opinion in Keck v. Alibaba.com Hong Kong Ltd. is highly relevant to proving a corporate

3

relationship between Alibaba and AliExpress. The court explicitly identifies AliExpress.com as one of the websites "operated by Alibaba Defendants," which include Alibaba.com Hong Kong Ltd. This direct statement, along with the court's analysis of Alibaba's control over its marketplaces and its ability to profit from infringing activity, provides strong evidence of a corporate relationship and interconnected operations between Alibaba and AliExpress.

Similarly, Defendant AliExpress tried to manipulate the fact that Alibaba is not related to Aliexpress and even raises the question over the existence of Alibaba Group (US) Inc., however, the AliExpress's link is listed at the bottom of the Alibaba Group's investor relations page. This suggests that AliExpress is either a subsidiary, affiliate, or related entity within the Alibaba corporate structure. The presence of AliExpress among other Alibaba-owned platforms on an official Alibaba Group website reinforces the argument that Alibaba and AliExpress maintain a corporate relationship. The AliExpress website also includes a link to Alibaba. This reciprocal linking between Alibaba and AliExpress indicates a clear business relationship, proving that AliExpress operates as a subsidiary, affiliate, or marketplace under the broader Alibaba corporate structure. Such interconnections are relevant in legal arguments regarding corporate control, agency relationships, and service of process. In this context, **Exhibits A** and **B** are attached.

7. **Defendant's Misplaced Reliance on Case Law:** Defendant's reliance on

*Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995), is misplaced. Unlike the case at bar, *Dahl* involved a defendant with no discernible connection to the entity served. Here, AliExpress and Alibaba Group maintain a business relationship that justifies Plaintiff's service upon Alibaba's U.S. agent. Given the established corporate relationship and the applicable legal standards, Defendant's argument regarding improper service is without merit and should be rejected.

8. **Defendant Has Failed to Demonstrate Good Cause to Vacate Default**

To set aside a default, a defendant must satisfy a stringent three-prong test requiring a showing of (1) a meritorious defense, (2) a lack of culpable conduct, and (3) an absence of prejudice to the plaintiff. See *Felix v. N.Y. City Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003). Defendant fails all three prongs.

9. **Absence of a Meritorious Defense:** Defendant fails to articulate any substantive defense, instead relying exclusively on procedural arguments. Procedural deficiencies, even if valid, do not amount to a substantive defense to the claims asserted. See *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984).

10. **Culpability of Conduct:** Defendant had actual notice of this lawsuit since at least June 2023 but chose not to respond until after default was entered. Courts routinely hold that deliberate failure to respond constitutes culpable conduct. See *Hritz*, 732 F.2d at 1183.

11. **Prejudice to Plaintiff:** Allowing Defendant to set aside the default would cause undue prejudice to Plaintiff by prolonging litigation and increasing costs. Courts acknowledge that strategic delays and failure to respond in a timely manner justify the denial of a motion to vacate default. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

Thus, Defendant's failure to satisfy any prong of the test mandates the denial of its motion to set aside default.

12. **Defendant's Misinterpretation of Relevant Case Law**

Defendant selectively misinterprets key legal precedents in an attempt to justify its failure to timely appear.

- **Greene v. Lindsey, 456 U.S. 444 (1982):** Defendant misreads *Greene* by arguing that a party has no obligation to respond unless formally served. However, *Greene* explicitly acknowledges that constructive notice is sufficient when a party is reasonably aware of pending litigation. Here, Defendant had actual notice for over six months before default was entered.

- **Sunoco, Inc. v. Glob. Recycling & Demolition, LLC, 300 F.R.D. 253, 256 (E.D. Pa. 2014):** Defendant incorrectly analogizes this case to *Sunoco*, where the defaulting party presented a valid substantive defense and promptly moved to vacate default. In stark contrast, AliExpress has engaged in delay tactics and has yet to present a meritorious defense. Given that Defendant's cited case law does not support its position, its request to set aside default should be denied.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Allow Plaintiff to file his Sur reply In Response To Defendant Aliexpress' Reply In Support Of Motion To Set Aside Default

**B.** Deny Defendant AliExpress' Motion to Set Aside Default; and Proceed with the entry of default judgment in favor of Plaintiff.

**C.** Plaintiff further requests that the Court consider Defendant's prolonged delay tactics as a basis for denying any further extensions or procedural allowances in this matter.

Dated: February 12, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## **CERTIFICATE OF SERVICE**

I, David J. Catanzaro, hereby certify that on February 12, 2025 I have served a true and correct copy of the Plaintiff's Opposition to the following parties via electronic mail, where available, and otherwise by first-class mail:

**Defendant's Attorneys:**

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220

**Other Interested Parties:**

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

PRICE US WHOLESALE

2240 East 17th Street

Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.

2240 East 17th Street

Brooklyn, NY 11229

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: February 12, 2025            By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com