# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br>　　　　Plaintiff, | Case No.: 3:22-cv-01768 |
| v. | Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J Caraballo |
| Walmart Stores, Inc., et al.<br>　　　　Defendants. | |

FILED
SCRANTON
FEB 19 2025
PER_____
DEPUTY CLERK

## PLAINTIFF'S MOTION REQUESTING THE COURT TO EXPEDITE RULING ON DEFAULT JUDGMENT [ECF 93 & 94] AGAINST REMAINING DEFAULT DEFENDENTS.

NOW COMES Plaintiff, DAVID J. CATANZARO, Proceeding Pro Se, And Respectfully Moves This Honorable Court To Issue A Ruling On PLAINTIFF'S MOTION REQUESTING THE COURT TO EXPEDITE RULING ON DEFAULT JUDGMENT [ECF 93 & 94] AGAINST REMAINING DEFAULT DEFENDENTS Pursuant To Federal Rule Of Civil Procedure 55(B)(2). In Support Thereof, Plaintiff States As Follows:

## BACKGROUND

## FACTUAL AND PROCEDURAL HISTORY

1. On November 4, 2022, Plaintiff initiated the present litigation against Defendants, including AliExpress, alleging patent infringement of Patent No.7,653,959B1 (the "'959 patent"), entitled "Article Assembly."

1

Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known generally as, but not limited to "Solar Dancers," Solar Dancing Figurines," "Solar Dancing Toys," "Christmas Sunny Jigglers," "Stocking staffers Solar Dancer" "Solar Bobble Heads" Solar Dancing Animals" and assorted product lines.

2. A Summons was issued for AliExpress on November 7, 2022, and Plaintiff promptly undertook diligent and concerted efforts to effectuate service upon the Defendant, ensuring that AliExpress was afforded ample opportunity to respond to the allegations.

3. Plaintiff attempted to effectuate service upon AliExpress through Alibaba Group (US) Inc. ("Alibaba Group"), its parent company, by delivering service documents to Alibaba Group's registered agent in the United States on June 15, 2023. Plaintiff maintains that this mode of service was legally sufficient given the documented interrelationship between the entities. Plaintiff further argues that AliExpress had actual notice of this lawsuit via its engagement with Alibaba Group, and that its assertion of improper service is a calculated delay tactic intended to evade liability. The extensive operational overlap between AliExpress and Alibaba Group substantiates the contention that service upon Alibaba's registered agent constituted constructive notice.

4. Notwithstanding multiple service attempts, AliExpress failed to respond to the Complaint in a timely manner or otherwise appear. The Defendant subsequently contended that service was improper, asserting its independent corporate existence as an entity based in Singapore. However, substantial evidentiary support indicates that AliExpress maintains substantive operational affiliations with Alibaba Group, encompassing shared infrastructure, executive oversight, and legal representation. This strategic non-response is indicative of an intentional effort to evade accountability

while simultaneously benefitting from Alibaba's extensive global commercial reach.

5. On December 19, 2024, Plaintiff filed a Motion for Default Judgment against AliExpress and other Defaulting Defendants, highlighting their protracted inaction and failure to mount a defense. **(See ECF 93 & 94)**. The motion underscored the necessity of judicial intervention to facilitate timely relief and forestall further prejudicial delay. AliExpress' repeated failure to comply with procedural deadlines and its refusal to engage substantively in the litigation provide a compelling basis for the Court to grant default judgment.

6. On January 8, 2024, the Clerk of Court entered default against AliExpress and other Defaulting Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. **(See ECF 85)**. The entry of default underscored AliExpress' deliberate disengagement from the proceedings and recognized the procedural ramifications of its inaction. AliExpress' subsequent efforts to contest the default judgment constitute a manifest abuse of process designed to manipulate procedural mechanisms to its advantage.

7. On January 10, 2025, AliExpress moved to set aside the default, contending that service was deficient and asserting a purportedly meritorious defense. **(See ECF 97-100)**. However, the Defendant's motion primarily relied on procedural technicalities rather than substantive legal arguments, thereby further obstructing the resolution of the matter. Rather than presenting a legitimate defense on the merits, AliExpress has consistently engaged in procedural obfuscation.

8. Plaintiff vigorously opposed AliExpress' Motion to Set Aside Default Judgment, demonstrating that the Defendant had notice of this lawsuit for over a year yet failed to act within a reasonable timeframe. **(See ECF 107-109)**. Plaintiff further emphasized that AliExpress' belated response was emblematic of a deliberate strategy to circumvent legal accountability rather than a bona fide jurisdictional or service issue. This intentional delay not only prejudices Plaintiff but also subverts judicial efficiency.

9. AliExpress has persistently engaged in dilatory conduct, failing to participate in the proceedings until default was formally entered. Courts

have repeatedly held that such tactics should not be condoned, and default judgments should be upheld in cases where defendants willfully disregard their legal obligations. Allowing such strategic non-compliance would set a deleterious precedent, incentivizing other corporate litigants to evade accountability through similar procedural maneuvering.

10. The Court has yet to rule on Plaintiff's Motion for Default Judgment, resulting in unwarranted delay and compounding the prejudice suffered by Plaintiff. The protracted delay in adjudication undermines judicial efficiency and subjects Plaintiff to ongoing harm, further justifying the necessity of an expedited resolution. Without immediate judicial intervention, Plaintiff remains deprived of the relief to which he is entitled, reinforcing the imperative for swift and decisive Court action.

11. As of February 19, 2025 Plaintiff has dismissed Default Defendants Price US Wholesale and Wholesale In Motion Group, Inc. **(See ECF 113)**.

## ARGUMENT

1. Federal Rule of Civil Procedure 55(b)(2) grants the Court discretion to enter a default judgment where a party has failed to plead or otherwise defend the action.

2. In *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), the Third Circuit held that default judgment is appropriate when a defendant fails to defend and demonstrates a pattern of dilatory tactics.

3. In *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), the court held that courts should assess three factors: (1) whether the defendant has a meritorious defense, (2) whether the default was the result of culpable conduct, and (3) the level of prejudice to the plaintiff. Here, AliExpress' arguments against service are insufficient, and its failure to timely respond is inexcusable.

4. AliExpress failed to act promptly despite having notice of this lawsuit for over a year. Courts have routinely denied motions to set aside

4

defaults when a defendant knowingly ignores litigation. See *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982).

5. The Court's failure to rule on Plaintiff's Motion for Default Judgment causes significant prejudice to Plaintiff by delaying relief and increasing litigation costs. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

6. Further, *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), establishes that procedural defaults should not be lightly set aside where a defendant has failed to act diligently.

7. Given AliExpress' continued failure to engage with this case in a timely and responsible manner, and the prejudice suffered by Plaintiff, default judgment is the appropriate remedy.

8. The Court's failure to rule on the pending motion contradicts the principle that cases should proceed efficiently, and justice should not be delayed unnecessarily. See Fed. R. Civ. P. 1.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Immediately issue a ruling on Plaintiff's pending Motion for Default Judgment against remaining Default Defendants;

B. Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## **CERTIFICATE OF SERVICE**

I, David J. Catanzaro, hereby certify that on February 19, 2025 I have served a true and correct copy of the Plaintiff's Motion to the following parties via electronic mail, where available, and otherwise by first-class mail:

**Defendant's Attorneys:**

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: February 19, 2025                By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com