IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br><br>Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>Defendants. | Case No.: 3:22-cv-01768<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J. Caraballo |

FILED
SCRANTON
FEB 19 2025
PER_____
DEPUTY CLERK

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXPEDITE RULING ON DEFAULT JUDGMENT AGAINST REMAINING DEFAULT DEFENDANTS

NOW COMES Plaintiff, DAVID J. CATANZARO, Proceeding Pro Se, And Respectfully Moves This Honorable Court To Issue A Ruling On PLAINTIFF'S MOTION REQUESTING THE COURT TO EXPEDITE RULING ON DEFAULT JUDGMENT [ECF 93 & 94] AGAINST REMAINING DEFAULT DEFENDENTS Pursuant To Federal Rule Of Civil Procedure 55(B)(2). In Support Thereof, Plaintiff States As Follows:

### INTRODUCTION

1. **Necessity of Expedited Ruling on Default Judgment**

Plaintiff, David J. Catanzaro, proceeding pro se, submits this brief in support of his Motion to Expedite Ruling on Default Judgment against the remaining Default Defendants. As of February 19, 2025 Plaintiff has dismissed Default Defendants Price US Wholesale and Wholesale In Motion Group, Inc. **(See ECF 113)**. Plaintiff contends that the remaining Defendants (including AliExpress) have failed to file responsive pleadings or otherwise defend against the claims asserted

1

in this case in a timely manner, thereby warranting an expedited ruling pursuant to Federal Rule of Civil Procedure 55.

## 2. Justification for Expedited Judgment

Plaintiff seeks an expedited default judgment against Defendants who have demonstrated a complete failure to engage in the litigation process. The following facts and legal contentions support this motion:

## 3. Defendants' Inaction and Procedural Violations

- Each Default Defendant was duly served with the Summons and Complaint in compliance with the Federal Rules of Civil Procedure.

- Despite proper service, these Default Defendants have failed to file an Answer or any responsive pleading within the legally prescribed timeframe, nor have they indicated any intent to defend against the claims in the Complaint.

- The Clerk of the Court has entered default against these Defendants due to their failure to respond, thereby establishing the procedural basis for granting default judgment.

- Under Rule 55(b) of the Federal Rules of Civil Procedure, a plaintiff is entitled to seek a default judgment when a defendant against whom relief is sought has failed to plead or otherwise defend, as is the case here.

## 4. Request for Immediate Judicial Intervention

Given the Default Defendants' inaction, Plaintiff respectfully requests that this Honorable Court grant an expedited ruling on default judgment to ensure

2

timely and just relief for the infringements and damages suffered. Allowing further delay would undermine the principles of due process and judicial efficiency.

## FACTUAL AND PROCEDURAL BACKGROUND

1. **Initiation of Litigation**

On November 4, 2022, Plaintiff initiated this action against multiple Defendants, including, but not limited to AliExpress, USimprints, Anypromo Inc. and DHgate, alleging patent infringement of Patent No. 7,653,959B1 (the "'959 patent"), entitled "Article Assembly."

2. **Service of Process and Non-Response**

Plaintiff properly served each of the Defaulting Defendants, yet they failed to file an answer or otherwise respond within the time permitted under the Federal Rules of Civil Procedure.

3. **Motion for Default Judgment**

On December 19, 2024, Plaintiff filed a Motion for Default Judgment against ALL Defaulting Defendants. **(See ECF 93 & 94)**.

4. **Clerk's Entry of Default**

On January 8, 2024, the Clerk of Court formally entered Default against Defendants AliExpress, USimprints, Anypromo Inc., DHgate, Price US Wholesale and Wholesale In Motion Group, Inc. As of February 19, 2025 Plaintiff has dismissed Default Defendants Price US Wholesale and Wholesale

3

In Motion Group, Inc. **(See ECF 113)**.

5. **Continued Failure to Defend**

Despite being in default, these Defendants have neither moved to set aside the default nor filed any timely response to the claims (With the exception of AliExpress who just recently made an 'out of time' appearance trying to circumvent legal accountability).

6. **Prejudicial Delay**

The Court has yet to rule on Plaintiff's Motion for Default Judgment, thereby delaying Plaintiff's ability to obtain the relief sought in this litigation. As of the date of this filing, it has been 60 days since Plaintiff filed the Motion for Default Judgment.

## LEGAL ARGUMENT

1. **Federal Rule of Civil Procedure 55(b)(2) and the Basis for Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) provides that, after a default has been entered under Rule 55(a), a plaintiff may apply to the court for default judgment. Courts have discretion to grant default judgment where a defendant has failed to respond to an action.

2. **Precedential Support for Default Judgment**

Courts in the Third Circuit have consistently held that default judgment is warranted when a defendant: (1) fails to properly respond to a complaint, (2)

4

lacks a meritorious defense, and (3) causes prejudice to the plaintiff through unnecessary delays. See *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In this case, all three factors favor granting default judgment.

### 3. **Defendants' Failure to Appear Constitutes Culpable Conduct**

The failure of the listed Default Defendants to appear and defend against these allegations constitutes culpable conduct that justifies entry of default judgment. Courts have held that a defendant's failure to participate in legal proceedings warrants default judgment. See *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982).

### 4. **Prejudice to Plaintiff Due to Judicial Delay**

Failure to timely adjudicate Plaintiff's Motion for Default Judgment continues to prejudice Plaintiff by preventing the resolution of his claims. Unnecessary litigation delays increase legal costs and denies Plaintiff the ability to secure a timely remedy. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

### 5. **Preventing Future Abuses of the Legal Process**

Moreover, continued judicial inaction may embolden other defendants to employ similar delay tactics as Default Defendant AliExpress has done in an attempt to evade liability. Courts have recognized that failure to rule promptly may encourage additional procedural abuses. See *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

**A.** Immediately issue a ruling on Plaintiff's pending Motion for Default Judgment against the remaining Default Defendants;

**B.** Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: *David J. Catanzaro* (signature)

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on February 19, 2025 I have served a true and correct copy of the Plaintiff's Motion to the following parties via electronic mail, where available, and otherwise by first-class mail:

Default Defendant AliExpress Attorneys:

Caitlin P. Strauss, Esq.
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Email: caitlin.strauss@saul.com
Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)
DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Email: bhadaway@diazreus.com
Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)
Email: zpan@diazreus.com
Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)
Email: piwu@diazreus.com
Phone: (305) 375-9220

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: February 19, 2025           By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com