IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br><br>         Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>         Defendants. | Case No.: 3:22-cv-01768<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J Caraballo<br><br>FILED<br>SCRANTON<br><br>FEB 24 2025<br><br>PER_____CP_____<br>DEPUTY CLERK |

## PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE 11 AND DEFAULT JUDGEMENT

Plaintiff, David J. Catanzaro, proceeding pro se, respectfully moves this Court for sanctions against Default Defendant AliExpress pursuant to Federal Rule 11 and the Court's inherent authority. Defendant's false certificate of service and subsequent remedial mailing only after being called out by the plaintiff warrants significant sanctions and default judgment in favor of Plaintiff and other requested.

### I. INTRODUCTION

Default Defendant has engaged in repeated bad-faith litigation tactics, including

Submitting a false Certificate of Service and attempting to re-enter the case through dishonest means. These continued actions demonstrate a blatant disregard for the integrity of the judicial process, warranting sanctions and default judgment under Federal Rule of Civil Procedure 55(B) (2) and the Court's inherent authority.

## II. FACTUAL BACKGROUND

1. On 11/7/22, Plaintiff initiated this action against the Default Defendant for Patent Infringement and other related claims.

2. Default Defendant was properly served with process on 6/15/23. Alibaba Group (US) Inc. ("Alibaba Group") the 'controlling' company of the Default Defendant accepted service on behalf of AliExpress. (It is uncontested that Alibaba Group excepted service on behalf of AliExpress as denoted in the 'Proof of Service' **(See ECF 41)**.

3. Defendant failed to timely respond, wherein the Clerk entered Default on the Defendant on 1/8/24 **(See ECF 85)**.

4. Plaintiff filed default judgment against the Default Defendant (and others) on 12/19/24 **(See ECF 93 & 94)**.

5. Starting from 1/10/25, Default Defendant made its first appearance, then making several untimely filings thereafter.

6. Plaintiff has accused the Default Defendant with employing deceptive tactics within ALL their current filings in an effort to evade liability and improperly re-

enter the case **(See ECF 107,108,109 & 111)**.

7. In its most recent filing, Default Defendant AliExpress filed its 'REPLY IN SUPPORT OF MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT' on February 5, 2025 **[See ECF 110]** with a certificate of service stating that a copy had been mailed First-Class also on February 5, 2025 to Plaintiff and to other Default Defendants **[See ECF 110 Page 7].**

8. Plaintiff did not receive the document.

9. Plaintiff then filed a 'Notice to the Court' on February 19, 2025 **[See ECF 112]** regarding the Default Defendants failure to properly serve the document. (Pro Se Plaintiff must file ALL documents with the Clerk, driving from Carbondale to Scranton each and every time. Plaintiff does not receive any automatically generated notice of electronic filings (NEF) and Plaintiff relies on receiving ALL filings through First Class Mail). Plaintiff electronically sent the Notice to ALL Default Defendant's attorneys on the same day of the filing. **(See Exhibit A).**

10. Further on February 19, 2025 after receiving the Notice, Default Defendant decided to mail the document to Plaintiff on that day **(See Exhibit B)** <u>with no further explanation either with this court or with Plaintiff.</u>

11. Default Defendant's initial certificate of service was False.

12. Default Defendant's actions continue to demonstrate a clear lack of

candor and a continued disregard for the integrity of the judicial process.

## III. LEGAL ARGUMENT

**A.** Sanctions Are Warranted for Defendant's Bad-Faith Conduct Pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 11, sanctions are appropriate when a party engages in misconduct that undermines the fair administration of justice. <u>Defendant's submission of a fraudulent Certificate of Service constitutes an abuse of process, justifying the imposition of monetary sanctions.</u>

**B.** Default Judgment Is Proper Under Federal Rule of Civil Procedure 55. Federal Rule of Civil Procedure 55(B) (2) permits the Court to enter default Judgment where a defendant fails to respond or engages in misconduct. Defendant's Repeated bad-faith conduct demonstrates a willful disregard for the judicial process, warranting entry of default judgment against them.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Impose Sanctions:** Order Default Defendant to pay $25,000 in sanctions for their Fraudulent Conduct and Litigation Misconduct.

2. **Enter Default Judgment:** Grant Plaintiff's Motion for Default Judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(B) (2).

3. **Corrective Measures:** Require Defendant to file a corrected and truthful

Certificate of Service within 5 days of the Courts order.

4. **Further Relief:** Grant any other relief this Court deems just and proper.

## V. CONCLUSION

In 2023 Alibaba Group including AliExpress, Taobao and TMall generated over 131 billion in revenues, over 11 billion in net income and maintains full time employees of over 200,000 **(See Exhibit C).** AliExpress and Alibaba Group continue to disregard this judicial process with continued misconduct and dishonesty. Lying about the Certificate of Service inevitably sum up the expression *"the straw that broke the camel's back"* and this honorable court should set a stern example with the 'very deep pocketed' Default Defendant warranting both significant sanctions and default judgment. Plaintiff respectfully requests that Honorable Court grant this motion in its entirety to uphold the integrity of the judicial process and prevent further abuse.

Dated: February 24, 2025            Respectfully submitted,

By: _____
David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com