# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

David J. Catanzaro

        Plaintiff,

v.

Walmart Stores, Inc., et al.

        Defendants.

Case No.: 3:22-cv-01768

Judge Joseph F. Saporito, Jr.
Referred to: Phillip J Caraballo

**FILED
SCRANTON**

FEB 2 4 2025

PER_____*CP*_____
DEPUTY CLERK

## PLAINTIFF'S BRIEF IN SUPPORT FOR SANCTIONS PURSUANT TO FEDERAL RULE 11 AND DEFAULT JUDGEMENT

Plaintiff, David J. Catanzaro, proceeding pro se, respectfully submits this Brief in Support of Plaintiff's Motion for Sanctions and Default Judgment against Defendant AliExpress. For the reasons stated below, Plaintiff respectfully requests that this Court grant the relief sought in the Motion.

## I. INTRODUCTION

Defendant has engaged in repeated acts of misconduct, including submitting a false Certificate of Service and engaging in bad-faith litigation tactics. These actions are not isolated errors but part of a larger pattern of behavior designed to undermine the integrity of the judicial process. Defendant's conduct has delayed these proceedings, caused Plaintiff unnecessary expense, and demonstrated a complete disregard for the Court's authority. In light of Defendant's willful misconduct,

Plaintiff respectfully requests that the Court impose sanctions and enter default judgment.

## II. LEGAL STANDARD

### A. Sanctions Under Federal Rule of Civil Procedure 11

Rule 11 of the Federal Rules of Civil Procedure provides that a court may impose sanctions against a party for submitting false or misleading statements to the court. Specifically, Rule 11(b) requires that all pleadings, motions, and other papers submitted to the court must be truthful, warranted by existing law, and not made for improper purposes. Defendant's submission of a false Certificate of Service clearly violates Rule 11, and sanctions are warranted as a deterrent and to compensate Plaintiff for the harm caused.

### B. Default Judgment Under Federal Rule of Civil Procedure 55

Federal Rule of Civil Procedure 55(B) (2) provides that a court may enter a default judgment against a party who fails to plead or otherwise defend against a claim. Default judgment is appropriate when a party has willfully disregarded the rules of procedure or the court's orders. In this case, Defendant's misconduct and repeated dishonesty show a pattern of willful disregard for the judicial process, which justifies the entry of default judgment.

## III. ARGUMENT

### A. Defendant's Misconduct Warrants Sanctions

Defendant's actions in submitting a false Certificate of Service are clear violations of Rule 11. This false submission was not a mere mistake but a deliberate effort to

mislead the Court and delay the proceedings. Defendant's conduct has caused Plaintiff unnecessary delay and legal expense, and sanctions are necessary to deter further bad-faith conduct.

Further, Defendant's attempt to re-enter the case through dishonest means demonstrates a persistent pattern of disregard for the Court's authority. Sanctions are necessary to address this misconduct and to ensure that Defendant does not benefit from its improper conduct.

## B. Default Judgment Is Appropriate Given Defendant's Misconduct

Defendant's continued disregard for the Court's authority justifies the imposition of default judgment. As outlined in Rule 55, the Court has the discretion to enter default judgment when a party has willfully failed to comply with procedural rules or court orders. In this case, Defendant's repeated dishonesty and obstructionist tactics are clear evidence that Defendant is not participating in good faith. Default judgment is appropriate to remedy this situation and ensure that Defendant is held accountable.

## IV. RELIEF REQUESTED

For the reasons set forth above, Plaintiff respectfully requests that the Court:

1. **Impose sanctions** against Defendant in the amount of $25,000 for their knowing misconduct in submitting a false Certificate of Service and engaging in bad-faith litigation tactics;

2. **Enter default judgment** against Defendant pursuant to Rule 55(B) (2), given Defendant's pattern of willful misconduct and failure to comply with the rules of procedure;

3. **Order Defendant to file a corrected Certificate of Service** within 5 days, if applicable;

4. **Grant any further relief** the Court deems just and proper.

## V. CONCLUSION

Defendant's actions in this case demonstrate a willful disregard for the judicial process and/or for pro se Plaintiff's. Plaintiff respectfully requests that this Court grant the Motion for Sanctions and Default Judgment in order to address Defendant's misconduct and uphold the integrity of the Court.

Dated: February 24, 2025                    Respectfully submitted,


By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on February 24, 2025 I have served a true and correct copy of Plaintiff's Motion to Defendant AliExpress through their attorneys at the addresses listed below by first-class mail and via electronic mail, where available.

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220

Dated: February 24, 2025

By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

Dated: February 24, 2025           By:

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on February 24, 2025 I have served a true and correct copy of Plaintiff's Motion to Defendant AliExpress through their attorneys at the addresses listed below by first-class mail and via electronic mail, where available.

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220