# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br>　　　　　Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br>　　　　　Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Chief MJ Daryl F. Bloom |

## DEFENDANT ALIEXPRESS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

Defendant AliExpress submits this response in opposition to Plaintiff David J. Catanzaro's Motion for Sanctions and Default Judgment, [ECF 116], filed on February 24, 2025. For the reasons set forth below, AliExpress respectfully requests that the Court deny the motion in its entirety, and states:

**I.   The Motion is Procedurally Defective for Failure to Comply with Rule 11's Safe Harbor Requirement.**

Federal Rule of Civil Procedure 11(c)(2) mandates a "safe harbor" period, requiring a party seeking sanctions to serve the motion on the opposing party at least 21 days before filing it with the court. This rule gives the opposing party a chance to correct or withdraw the allegedly problematic filing. Courts rigorously uphold this requirement. *See Metro. Life Ins. Co. v. Kalenevitch,* 502 F. App'x 123, 125 (3d Cir. 2012) ("This Court has recognized that, '[i]f the twenty-one-day period is not provided, the [Rule 11] motion must be denied'") (internal citation omitted).

Here, Plaintiff filed the Motion on February 24, 2025, without serving it 21 days prior as required. Due to this clear noncompliance with Rule 11(c)(2)'s procedural safeguard, Plaintiff's request for sanctions must be denied.

## II.     No Basis for Sanctions Under the Court's Inherent Power.

In addition to Rule 11 sanctions, Plaintiff invokes the Court's inherent power to sanction. Mtn. at 4. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, courts may only exercise them after finding bad faith or willful abuse of the judicial process. *Id.* at 45–46. That is not the case here. Plaintiff has not identified any conduct by Defendant suggesting fraud on the court, manipulation of the judicial process, or repeated violations of court orders. *See generally* Mtn. at 2-5.

Plaintiff alleges that AliExpress should be sanctioned due to a failure to mail a brief in accordance with the certificate of service. Mtn. at 3. The failure to mail the brief was an administrative oversight that counsel corrected as soon as it was brought to counsel's attention. *See* Mailing Receipt attached as Exhibit 1. Plaintiff cannot claim to have been prejudiced by this oversight, as he has had access to the docket and his Motion plainly indicates that he received the brief via electronic means.

### III. Default Judgment Is Unwarranted

Plaintiff's request for default judgment on alleged grounds of failure to respond and misconduct, Mtn. at 4, fails at the outset because as set out in AliExpress's Motion to Set Aside Default [ECF 97], service of process was never properly effected. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons.").

Even assuming arguendo that service was valid, a default judgment is disfavored under settled Third Circuit precedent, which strongly prefers decisions on the merits rather than by procedural forfeiture. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). AliExpress promptly appeared upon learning of the lawsuit, [ECF 97 at 2], has a meritorious defense (including a statute-of-limitations bar), *id.* at 5, and no prejudice will inure to Plaintiff by allowing this case to proceed. Accordingly, the Court should deny the request for default judgment and set aside the clerk's entry of default.

### CONCLUSION

For the foregoing reasons, Defendant AliExpress respectfully requests that the Court deny Plaintiff David J. Catanzaro's Motion for Sanctions and Default Judgment in its entirety.

Dated: February 28, 2025						Respectfully submitted,

By: */s/ Prince-Alex Iwu*

Caitlin P. Strauss, Esq.
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway (*Pro Hac Vice*)
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan (*Pro Hac Vice*)
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu (*Pro Hac Vice*)
Florida Bar Number: 1044670
E-mail Address: piwu@diazreus.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2025, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN  37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY  11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA  91761

DHGATE
381 Brea Canyon Road
Walnut, CA  91789

        */s/  Prince-Alex Iwu*
        Prince-Alex Iwu
        *Counsel for Defendant AliExpress*