IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David J. Catanzaro<br><br>        Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>        Defendants. | Case No.: 3:22-cv-01768<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J Caraballo |

FILED
SCRANTON
MAR 04 2025
PER _____
DEPUTY CLERK

# PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

Plaintiff David J. Catanzaro proceeding pro se respectfully submits this Reply Brief in further support of his Motion for Sanctions and Default Judgment against Defendant AliExpress ("Defendant") and in response to Defendant's Opposition [ECF 118]. Defendant's arguments lack merit, and Plaintiff's motion should be granted for the following reasons:

## I. DEFENDANT ASSERTS RULE 11'S SAFE HARBOR DOES NOT APPLY TO INHERENT POWER SANCTIONS

Defendant contends that Plaintiff's Motion is procedurally defective due to noncompliance with Rule 11(c)(2)'s safe harbor provision. However, this argument

is misplaced because Plaintiff is not solely relying on Rule 11 but also invoking the Court's **Inherent Authority** to sanction litigation misconduct. It is well established that **the safe harbor provision of Rule 11 does not apply to sanctions imposed under the Court's inherent powers.** See Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991) (holding that courts have broad authority to impose sanctions for bad-faith conduct).

Furthermore, courts have sanctioned parties for litigation abuses outside the scope of Rule 11, **including misrepresentations to the court and bad-faith conduct that undermines judicial integrity**. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980) (holding that courts may impose sanctions for abusive litigation practices even when they do not violate specific rules). Defendant's reliance on Metro. Life Ins. Co. v. Kalenevitch, 502 F. App'x 123 (3d Cir. 2012), is inapplicable, as that case dealt strictly with Rule 11 and did not preclude inherent authority sanctions.

## II. DEFENDANT'S MISREPRESENTATIONS WARRANT SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY

Defendant's claim that no fraud or bad-faith manipulation has occurred is contradicted by the record. Plaintiff has demonstrated that Defendant:

1. **Filed a false Certificate of Service**, failing to properly mail a required filing and only correcting the issue after being caught;
2. **Refused to acknowledge its controlling company, Alibaba Group**, despite Plaintiff providing clear proof that Alibaba Group oversees AliExpress;
3. **Engaged in procedural gamesmanship**, only appearing in this case after default had already been entered by the Clerk, with a properly filed Motion

for Default Judgment and Brief pending, further frustrating the judicial process.

**These actions go beyond mere administrative oversight** and reflect a clear pattern of **misleading conduct and procedural abuse**, warranting sanctions. Courts routinely impose sanctions where a party's litigation conduct reflects a "willful abuse of judicial process." See Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3d Cir. 1994).

### III. DEFAULT JUDGMENT REMAINS JUSTIFIED

Defendant argues that default judgment is unwarranted because service was allegedly improper and courts favor resolving cases on the merits. However, Plaintiff has established that **service on Alibaba Group was proper service for AliExpress** and is awaiting the Court's ruling on this matter. <u>Defendant's refusal to acknowledge this relationship, despite clear evidence, is itself part of its litigation misconduct.</u>

Furthermore, **default judgment is a proper sanction** where a party's actions demonstrate "contumacious conduct" or a "deliberate strategy of delay and obfuscation." See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 918 (3d Cir. 1992). Here, Defendant's misleading filings and refusal to acknowledge its corporate structure justify default judgment as a sanction.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:
1. Grant Plaintiff's Motion for Sanctions against Defendant for its bad-faith litigation conduct; and

2. Grant Plaintiff's Motion for Default Judgment against Defendant due to its procedural misconduct and failure to properly defend this action.

Dated: March 4, 2025                    Respectfully submitted,

By: _____
David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 4, 2025 I have served a true and correct copy of Plaintiff's Motion to Defendant AliExpress through their attorneys at the addresses listed below by first-class mail and via electronic mail, where available.

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220

Dated: March 4, 2025

By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com