IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAR 21 2025

PER _____
DEPUTY CLERK

| | |
|---|---|
| David J. Catanzaro<br><br>    Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>    Defendants. | Case No.: 3:22-cv-01768<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J. Caraballo |

## PLAINTIFF'S MOTION REQUESTING DISTRICT JUDGE JOSEPH F. SAPORITO, JR. TO ISSUE A DIRECT RULING ON PENDING MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS AND DEFAULT JUDGMENT AND TO BYPASS MAGISTRATE JUDGE PHILLIP J. CARABALLO'S RECOMMENDATION PROCESS

Plaintiff, David J. Catanzaro, proceeding pro se, respectfully submits this motion to request that **District Judge Joseph F. Saporito Jr.** issue a **direct ruling** on the pending motions for **default judgment** (Docs. 93, 114) and **sanctions** (Doc. 116), bypassing the report and recommendation process of **Magistrate Judge Phillip J. Caraballo,** and take immediate action to resolve these critical issues in this case.

**1. Background**

The Plaintiff filed the motion for **default judgment** (Doc. 93) on **12/19/24** after the Defendants have remained in default since **January 2024**. A brief in support of the motion was also filed on **12/19/24** (Doc. 94). On **2/19/25**, the Plaintiff filed a **motion to expedite ruling on default judgment along with a brief in support of the motion** (Doc. 114 & 115), respectfully requesting that the Court take swift action in light of the significant delay in addressing this issue.

Additionally, Plaintiff filed a motion for sanctions and default judgment (Doc. 116) on 2/24/25, requesting that the Court take **immediate action** in response to **Defendants' failure to comply with procedural requirements, including misrepresentations related to the certificate of service and their continued refusal to acknowledge Alibaba Group as their controlling entity**. Plaintiff further filed a Brief in Support of the Motion and Reply Brief (Doc. 117 & 119) <u>for complete review by this honorable court.</u>

## 2. The Delay and Impact on Plaintiff

Plaintiff has now been waiting for several months for the Court to rule on the motion for default judgment and to rule on these other critical motions in a timely manner. The Defendants have failed to respond in any meaningful way to the Plaintiff's claims, and their continued default has resulted in **substantial delay** in the progress of this case.

Due to the delay in ruling on the pending motions for default judgment, a few defaulted defendants threatened to enter the case, which led to a **forced settlement**. This settlement was made in order to avoid further complications, even though Plaintiff believes his claims are strong. The continued delay in resolving the

motions is putting Plaintiff at a disadvantage and makes it even more important to address the pending matters promptly.

The Plaintiff respectfully requests that the Court consider the significant **prejudice** caused by this delay. The absence of a ruling on these motions is preventing the Plaintiff from proceeding with the litigation in a timely manner and hindering the enforcement of Plaintiff's legal rights.

### 3. The Intersection of this Case and Case No. 3:22-cv-1754

An additional concern that weighs heavily on Plaintiff is the **ongoing litigation in Case No. 3:22-cv-1754**, which involves the same patent at issue in this case. This Honorable Court presides over both cases, and decisions in one case will directly impact the other. As a result, **the delay in ruling on critical matters in this case creates a potential conflict** and **complicates the resolution of both cases**. The Plaintiff respectfully submits that a prompt ruling on the motions in this case will not only move this case forward but also help to **ensure consistency and coherence** in the decisions that will affect **Case No. 3:22-cv-1754.**

### 4. Respect for Magistrate Judge Phillip J. Caraballo's Role

Plaintiff recognizes and appreciates the important role that **Magistrate Judge Caraballo** has in overseeing procedural matters and assisting in the development of the case. However, given the **urgency** of these motions and the **critical need for resolution**, Plaintiff respectfully requests that the Court issue a **direct ruling** on the motions for **default judgment** and **sanctions and default judgment**, without further delay.

Plaintiff is aware that Magistrate Judge Caraballo's role is integral to the proceedings; however, considering the **prolonged delay** and the **potential conflict with Case No. 3:22-cv-1754**, Plaintiff believes that it is in the best interest of both cases to have **District Judge Saporito** take direct action regarding the pending critical motions at this time to mitigate unduly further delay.

## 5. Legal and Practical Justification for Direct Action

- **Delay and Prejudice**: The motion for default judgment has been pending for an extended period, with **Defendants remaining in default** <u>for over a year</u>. The continued delay has resulted in prejudice to the Plaintiff's ability to effectively prosecute this case.
- **Conflicting Decisions Between Cases**: Given that the **same patent** is at issue in **Case No. 3:22-cv-1754**, and the decisions made in one case may directly impact the resolution of the other case, Plaintiff respectfully submits that the **timely resolution of the motions** in both cases is crucial to maintaining consistency and avoiding conflicting rulings across related cases.
- **Judicial Economy and Efficiency**: Prompt resolution of these motions will expedite this case and ensure that the litigation moves forward without any further unnecessary delays. Direct action by the district judge will also avoid further procedural complications, which could extend the case unnecessarily.
- **Defendants' Procedural Limitations Due to Default Status**

  AliExpress, as a defaulted party, **lacks standing to file motions or responses** unless and until the Court sets aside their default. Courts consistently hold that a party in default **loses the right to participate in the case** unless the

default is vacated. See **New York v. Green**, 420 F.3d 99, 104 (2d Cir. 2005) ("A party in default is not entitled to file motions or otherwise participate in proceedings until the default is set aside.") In **Brock v. Unique Racquetball & Health Clubs, Inc.**, 786 F.2d 61, 64 (2d Cir. 1986), the court emphasized that a defaulting party cannot contest the factual allegations in the complaint unless the default is vacated.

AliExpress has **repeatedly attempted to engage in motion practice and or opposition fililings (See Doc. 98) despite remaining in default**. Their continued filings are **procedurally improper and should be disregarded** until and unless they successfully vacate the default. Given that AliExpress has already delayed these proceedings, allowing further filings without resolving the default judgment motion would **further prejudice Plaintiff and undermine the procedural integrity of this case**. For these reasons, Plaintiff respectfully requests that the Court **deny any further attempts by AliExpress to file motions or responses until a ruling on the default judgment motion is issued**.

- **Additional Grounds Supporting Sanctions**

AliExpress, while in default, has filed a Response in opposition to Plaintiff's Motion for Default Judgment (Doc. 98). This conduct is **procedurally improper** and demonstrates a knowing disregard for well-established rules. It is a fundamental principle that **defaulted defendants may not file responses or oppositions unless and until default is set aside**. The law firm representing AliExpress is a **long-established, sophisticated litigation practice**, and it is reasonable to expect that they are fully aware of these procedural limitations. Accordingly, AliExpress's improper filing constitutes not only a violation of procedure but a **deliberate act to delay, disrupt, or circumvent the rules of**

**this Court.** Plaintiff respectfully submits that this misconduct provides an additional, independent basis for the Court to grant sanctions under the pending motion (Doc. 116).

## 6. Conclusion

- Plaintiff respectfully requests that **District Judge Saporito** issue a **direct ruling** on the **pending motions for default judgment** (Docs. 93, 114) and **sanctions and default judgment** (Doc. 116) without further delay, bypassing the report and recommendation process of **Magistrate Judge Caraballo.**
- **Plaintiff further requests that the Court consider the importance of addressing these issues promptly** to avoid further prejudice to the Plaintiff, and to ensure that **Case No. 3:22-cv-1754** can proceed without the risk of conflicting decisions.

Dated: March 21, 2025                    Respectfully submitted,

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 21, 2025 I have served a true and correct copy of Plaintiff's Motion to Defendants at the addresses listed below by first-class mail and via electronic mail, where available.

Caitlin P. Strauss, Esq.
Saul EWING LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Email: caitlin.strauss@saul.com
Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)
DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131

Email: bhadaway@diazreus.com
Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)
Email: zpan@diazreus.com
Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)
Email: piwu@diazreus.com
Phone: (305) 375-9220

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

PRICE US WHOLESALE

2240 East 17th Street

Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.

2240 East 17th Street

Brooklyn, NY 11229

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.

Dated: March 21, 2025

By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com