# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

David J. Catanzaro

             Plaintiff,

v.

Walmart Stores, Inc., et al.

             Defendants.

Case No.: 3:22-cv-01768

Judge Joseph F. Saporito, Jr.
Referred to: Phillip J Caraballo

**FILED**
**SCRANTON**

MAR 21 2025

PER_____
DEPUTY CLERK

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING DISTRICT JUDGE JOSEPH F. SAPORITO, JR. TO ISSUE A DIRECT RULING ON PENDING MOTIONS FOR DEFAULT JUDGMENT AND SANCTIONS AND DEFAULT JUDGMENT

## I. INTRODUCTION

Plaintiff proceeding pro se, respectfully submits this brief in support of the motion requesting that the District Judge issue rulings on critical pending motions, including the **Motion for Default Judgment** (Docs. 93, 114) and the **Motion for Sanctions and Default Judgment** (Doc. 116). This motion for default judgment (Doc. 93) has remained undecided for an extensive period, despite Defendants being in default for **over a year.** The continued delay is **prejudicing Plaintiff's rights**, creating unnecessary procedural uncertainty, and potentially impacting related litigation. Plaintiff urges the Court to take prompt action to resolve these matters.

## II. RELEVANT PROCEDURAL HISTORY

1. Clerk entered default on all remaining defendants on **January 8, 2024** (Doc. 85)

2. Plaintiff filed current Motion for Default Judgment on **December 19, 2024** (Doc. 93).

3. Plaintiff filed a Brief in Support of Default Judgment on **December 19, 2024** (Doc. 94).

4. AliExpress appeared in the case for the first time on **January 10, 2025**, attempting to set aside default (Doc. 97).

5. AliExpress filed a Response in Opposition to Plaintiffs Motion for Default Judgment on **February 10, 2025** (Doc.98)

6. Plaintiff filed a Motion to Expedite Ruling on Default Judgment on **February 19, 2025** (Doc. 114).

7. Plaintiff filed a Motion for Sanctions and Default Judgment on **February 24, 2025** (Doc. 116).

## III. ARGUMENT

**A. The Delay in Rulings Prejudices Plaintiff and Impacts Related Litigation**

The Defendants in this case have been in default for **over a year**. Courts have consistently recognized that delays in ruling on motions for default judgment **unfairly prejudice plaintiffs** by allowing defaulted defendants to exploit procedural gaps, creating unnecessary uncertainty.

Furthermore, this case is directly related to **ongoing litigation involving the same patent in a separate case.** The delay in ruling on the motions in this case risks

**creating conflicts in legal determinations** and potentially **harming Plaintiff's ability to enforce its patent rights consistently across both cases.**

## B. Plaintiff Has Already Been Forced Into an adverse Settlement Due to Procedural Delays

Defaulted defendants previously threatened to seek reinstatement into the case, which forced Plaintiff into a settlement under less favorable terms than Plaintiff believes were warranted. This **demonstrates the real-world consequences of these delays,** as other defaulted defendants may attempt similar tactics. **At this time, Prompt judicial intervention is needed to prevent further prejudice.**

## C. A Magistrate Judge Cannot Grant Sanctions or Default Judgment Without District Court Approval

While the case has been referred to a Magistrate Judge, Plaintiff understands that the **Magistrate Judge lacks the authority to issue a final ruling on motions for sanctions and default judgment.** As such, only the District Judge can **issue a conclusive decision,** and further delay risks unnecessary procedural inefficiencies.

## D. Timely Resolution of Default Judgment is Standard Judicial Practice

Federal courts routinely grant default judgment when defendants fail to respond for extended periods. Given that Defendants have been in default for **over a year,** there is no justifiable reason for further delay. Plaintiff's case is fully supported by the record, and **no response has been made by the defaulted defendants** that would warrant further delay.

## E. **Defendants' Continued Participation is Procedurally Improper**

A defaulted defendant may not file motions, responses, or otherwise litigate the case unless the default is set aside. Courts consistently hold that a party in default loses the right to participate in further proceedings unless the default judgment is vacated. See **Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991).**

Despite being in default, AliExpress has continued to submit filings, including motions and/or responses. Their ongoing participation violates established procedural rules and prejudices Plaintiff. Until the Court rules on default judgment, AliExpress should not be permitted to interfere any further in these proceedings. For these reasons, Plaintiff requests that the Court disregard any further filings by AliExpress unless and until their default is formally set aside.

## F. **AliExpress's Improper Opposition Further Justifies Sanctions**

AliExpress, through its counsel, filed an opposition to Plaintiff's Motion for Default Judgment (Doc. 98) despite being in default. As previously stated, this is a clear violation of longstanding procedural rules, which prohibit a defaulted party from participating in litigation unless the default is first set aside. See, e.g., *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986).

This improper filing was not a good-faith mistake. AliExpress is represented by a **highly experienced law firm,** which should be well-versed in the procedural consequences of default. Their actions appear calculated to **delay proceedings and burden the Plaintiff,** despite lacking standing to file any opposition.

As such, Plaintiff respectfully requests that the Court consider this conduct as further justification for the imposition of sanctions, as requested in Plaintiff's Motion for Sanctions and Default Judgment (Doc. 116).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the District Judge **promptly rule on the pending motions**, including the **Motion for Default Judgment (Docs. 93, 114)** and the **Motion for Sanctions and Default Judgment (Doc. 116)**, to prevent further prejudice and ensure the fair and efficient administration of justice.

Dated: March 21, 2025                    Respectfully submitted,

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 21, 2025 I have served a true and correct copy of Plaintiff's Brief to Defendants at the addresses listed below by first-class mail and via electronic mail, where available.

Caitlin P. Strauss, Esq.

Saul EWING LLP

1500 Market St. 38th Floor

Philadelphia, PA 19102

Email: caitlin.strauss@saul.com

Phone: (215) 972-7153

Brant C. Hadaway, Esq. (Pro Hac Vice)

DIAZ REUS & TARG, LLP

100 Southeast Second Street

3400 Miami Tower

Miami, Florida 33131

Email: bhadaway@diazreus.com

Phone: (305) 375-9220

Zhen Pan, Esq. (Pro Hac Vice)

Email: zpan@diazreus.com

Phone: (305) 375-9220

Prince-Alex Iwu, Esq. (Pro Hac Vice)

Email: piwu@diazreus.com

Phone: (305) 375-9220

USIMPRINTS

200 E Main Street – Suite 200-17

Franklin, TN 37064

PRICE US WHOLESALE

2240 East 17th Street

Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.

2240 East 17th Street

Brooklyn, NY 11229

ANYPROMO, INC.

1511 East Holt Blvd.

Ontario, CA 91761

DHGATE

381 Brea Canyon Road

Walnut, CA 91789

This certificate is filed this day with due observance of the requirements regarding the service of documents as stipulated under the relevant federal and state procedural rules.


Dated: March 21, 2025                                 By: _____

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA  18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com