IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
APR 21 2025
PER _____
DEPUTY CLERK

David J. Catanzaro

    Plaintiff,

v.

Walmart Stores, Inc., et al.

    Defendants.

Case No.: 3:22-cv-01768

Judge Joseph F. Saporito, Jr.
Referred to: Phillip J Caraballo

**Supplement to Plaintiff's Motion for Default Judgment (Doc. 93) and Motion for Sanctions and Default Judgment (Doc. 116)**

Plaintiff respectfully submits this supplement in support of his pending **Motion for Default Judgment (Doc. 93)** and **Motion for Sanctions and Default Judgment (Doc. 116)** in the above-captioned matter. The Motion for Default Judgment has now been pending for over four months, and the Motion for Sanctions and Default Judgment has remained unresolved for approximately two months.

Plaintiff notes that two defaulted Defendants — *Wholesale in Motion Group Inc.* and *Price US Wholesale* — were both owned by the same individual and were previously referred to as a single defendant. Both were dismissed with prejudice following a one-sided settlement. That resolution was reached only after the owner explicitly **threatened to seek reentry** into the case, taking advantage of the fact that **no default judgment had yet been entered**. This further underscores the **procedural vulnerability** created by delay, and the need for **timely rulings** to formally and conclusively resolve the posture of all defaulted parties.

Further, Plaintiff recently discovered that one of the **remaining defaulted Defendants** — **USimprints (USimprints, LLC)** — is **no longer in business** as of **April 2025**, according to **publicly available business records**.[1] There is **no indication of any merger, acquisition, or successor entity**. This development further underscores the **procedural importance of a**

**timely ruling**, as the continued delay creates **prejudice** by allowing **defunct and defaulted parties** to remain in **legal limbo** — potentially **undermining finality** and inviting **future procedural complications**. When a **defaulted Defendant goes out of business** before **default judgment** is entered, it becomes **significantly more difficult—and potentially intrusive, if not impossible—to collect any judgment.**

Plaintiff respectfully notes that on **January 23, 2024** (Doc.86), the Court denied Plaintiff's original **Motion for Default Judgment** (Doc. 84), citing the absence of a supporting brief. Prior to that ruling, Plaintiff had called chambers to explain that he had not submitted a brief within the time permitted under Local Rule 7.5. The Court nonetheless denied the motion without prejudice. However, in a subsequent ruling in **Catanzaro v. Lykart Technologies LLC, No. 3:22-cv-01754**, the **Third Circuit found:** "Accordingly, it was an **abuse of discretion** for the District Court to deny Catanzaro's motion on the grounds that he **failed to include a separate brief**." That appellate finding confirms that a pro se Plaintiff should not be denied a ruling solely on that procedural basis. Had the motion in the instant case been properly addressed, Default judgment could and should have been resolved in early 2024, and the failure to do so has only deepened the prejudice caused by continued procedural delay.

[1]**Source:** Better Business Bureau profile for US Imprints, LLC, Franklin, TN: https://www.bbb.org/us/tn/franklin/profile/advertising-specialties/us-imprintscom-0573-37025722

Plaintiff further notes that **AliExpress's Motion to Set Aside Default (Doc. 97)**, along with the **Motion for Default Judgment (Doc. 93)** and **Motion for Sanctions and Default Judgment (Doc. 116)**, all remain pending. These, together with related briefs and filings, are directly connected to the unresolved status of all remaining defendants—who are in default—and the newly confirmed dissolution of USimprints. **As AliExpress remains in default, its only procedural standing relates to the pending Motion to Set Aside Default. There is no need to await on any further reply briefing, as the issues have been fully presented.** Plaintiff respectfully urges this Honorable Court to issue rulings in the interest of finality, fairness, and judicial efficiency.

Plaintiff respectfully adds that he does not wish to burden this Court, or the appellate courts, with **unnecessary filings**. However, in light of the **irreversible harm** that has already been established, and unless **rulings are forthcoming** in this matter— which remain stalled despite a properly filed **motion to expedite (Doc. 114)** — Plaintiff may be left with **no reasonable**

option other than to seek **mandamus relief from the Third Circuit**. That process involves a substantial **$605 filing fee**, not including **printing and mailing costs** — funds that Plaintiff would far prefer to reserve for his **children and household expenses**.

**Plaintiff respectfully prays that this Honorable Court will issue well-considered rulings on the long-pending, decisive motions in this matter**, including the **Motion for Default Judgment (Doc. 93)**, the **Motion to Expedite Ruling (Doc. 114)**, and the **Motion for Sanctions and Default Judgment (Doc. 116)**. Plaintiff remains deeply respectful of this Court's discretion and seeks only **clarity, closure, and balanced treatment** as this case proceeds toward resolution.

**Certificate of Service Not Required:** Pursuant to Federal Rule of Civil Procedure 5(a)(2), no service is required on parties who are in default for failure to appear.

Dated: April 21, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff *Pro Se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com