THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, <br> Plaintiff, <br> v. <br> LYKART TECHNOLOGIES LLC, ET AL., <br> Defendants. | Case No. 3:22-cv-1768-JFS-PJC <br> Judge Joseph F. Saporito, Jr. <br> Referred to: Phillip J. Caraballo <br> JURY TRIAL DEMANDED |

FILED
SCRANTON
AUG 04 2025
PER_____
DEPUTY CLERK

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPELLATE REVIEW

Plaintiff respectfully submits this short brief in support of his Motion to Stay all further proceedings in this matter pending resolution of his Petition for Writ of Mandamus currently before the U.S. Court of Appeals for the Third Circuit.

## I. INTRODUCTION

Plaintiff has filed a Petition for Writ of Mandamus in the U.S. Court of Appeals for the Third Circuit seeking extraordinary relief concerning judicial conduct, procedural imbalance, and the transfer of venue under 28 U.S.C. § 1406(a). The petition directly implicates this action and its companion case, *Catanzaro v. Lykart Technologies LLC, et al.*, Case No. 3:22-cv-01754. Because all Defendants in this case are already in default, continuing proceedings now serves no practical purpose and risks undermining appellate review of the pending mandamus petition.

## II. LEGAL STANDARD

District courts have broad discretion to stay proceedings to promote judicial economy and prevent inconsistent rulings. A stay is appropriate where appellate review may narrow or moot pending issues. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## III. ARGUMENT

A temporary stay will conserve judicial resources and prevent piecemeal adjudication. Plaintiff's petition challenges, among other things, the prolonged inaction on Plaintiff's fully-briefed Motion for Default Judgment and the failure to enter final judgment against defaulted Defendants. These issues directly impact how and where this case should proceed. Because all Defendants have been in default for over 18 months, a stay at this stage will not prejudice any party. By contrast, Plaintiff faces continued uncertainty and legal disadvantage if the Court acts before the appellate court resolves the mandamus petition. A temporart stay is the most equitable and efficient course of action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings in this case pending resolution of his Petition for Writ of Mandamus before the Third Circuit.

Date August 4, 2025                             Respectfully submitted,

                                                David J. Catanzaro
                                                Plaintiff pro se
                                                286 Upper Powderly Street
                                                Carbondale, PA 18407
                                                Phone: (570) 936-9262
                                                E-Mail: davidjosephus@aol.com

## NOTICE REGARDING SERVICE

Plaintiff respectfully states that no certificate of service is included with this filing because all remaining Defendants in this action are currently in default, and no further service is required.

Date August 4, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com