UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | : No. 3:22-CV-1768 |
| | : |
| Plaintiff | : (Saporito, J.) |
| | : |
| v. | : (Caraballo, M.J.) |
| | : |
| ALIEXPRESS, et al., | : |
| | : |
| Defendants | : |

## MEMORANDUM

Pending before the Court is Defendant AliExpress's Motion to Set Aside Default (Doc. 97), Plaintiff David J. Catanzaro's Motion for Default Judgment as to AliExpress (Doc. 93), and Catanzaro's related Motion for Sanctions (Doc. 141). The Court has jurisdiction pursuant to Title 28, United States Code, Section 636(b)(1)(A). For the reasons set below, AliExpress's Motion to Set Aside Default will be granted, Catanzaro's Motion for Default Judgment will be denied as moot as to AliExpress, and Catanzaro's Motion for Sanctions also will be denied.

## I. Background

On November 7, 2022, Catanzaro filed this patent infringement action against AliExpress and multiple other defendants, both named

1

and anonymized. Docs. 1, 7. The live second amended complaint was filed on January 6, 2023, with summons issued for service, accordingly. Several defendants were dismissed by stipulation thereafter. Docs. 25, 32, 38, 66, 73, 75, 87, 113, 131.

On December 15, 2023, Catanzaro requested entry of clerk's default against several defendants, including AliExpress. Doc. 83. As is relevant to this memorandum, Catanzaro averred that defendant AliExpress was properly and timely served through its parent company Alibaba Group and, accordingly, AliExpress's time to respond to this action expired on July 7, 2023. *Id.* at 2. The same day, Catanzaro filed a motion for default judgment against AliExpress and other defendants. Doc. 84.

On January 8, 2024, the clerk's office entered a default against, *inter alia*, AliExpress. Doc. 85. On January 23, 2024, the Court deemed Catanzaro's default judgment motion withdrawn based upon Middle District of Pennsylvania Local Rule 7.5, which requires separate brief in support of most motions. M.D. Pa. L. R. ("L.R.") 7.5; Doc. 86.

On December 19, 2024, Catanzaro filed an amended motion for default judgment, with a supporting brief. Docs. 93–94.

On January 10, 2025, AliExpress filed a motion to set aside the clerk's entry of default. Doc. 97. In support of its motion, AliExpress contends that Catanzaro never served it with the summons, and that it was not aware of this matter until January 2, 2025, when Catanzaro mailed a copy of his motion for default judgment to a separate Alibaba entity. Doc. 100 at 3. Upon receipt of the default judgment motion, AliExpress maintains it "diligently investigated" this case and within a week, retained counsel to respond to the lawsuit. Doc. 97 at 2.

Shortly after appearing, AliExpress also filed a Corporate Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1, which lists its full name as AliExpress E-Commerce One Pte. Ltd., and its parent as AliExpress International E-Commerce Pte. Ltd. Doc. 99 at 1. On May 27, 2026, Catanzaro filed a motion for sanctions, pursuant to Federal Rule of Civil Procedure 11, averring that AliExpress's Rule 7.1 statement contained inaccurate and misleading information about its corporate ownership.

Catanzaro's motion for default judgment, AliExpress's motion to set aside default, and Catanzaro's motion for sanctions are all fully briefed and ripe for decision.[1]

## II.    Discussion

### A.    AliExpress's Motion to Set Aside Default

AliExpress requests that the clerk's entry of default be set aside, because Catanzaro's service upon Alibaba Group's registered agent in Delaware was inadequate.  First, AliExpress asserts that Alibaba Group is not its parent company, as set forth in its Rule 7.1 corporate disclosure statement.  Docs. 99; 100 at 5.  Second, AliExpress contends that service on a parent corporation does not constitute service on its subsidiary, when the latter does not conduct business at the address of the former.  Doc. 100 at 5–6.  According to AliExpress, it is based in Singapore, and its parent is also located in Singapore.  Doc. 110 at 1.

---

[1] Catanzaro filed a sur-reply, with exhibits, addressing AliExpress's motion to set aside default, but without seeking leave of court, in violation of the Local Rules. Doc. 111.  Local Rule 7.7 dictates that no further briefs may be filed without leave of court.  At the end of his sur-reply, Catanzaro requests the court "allow [him] to file [t]his sur reply," Doc. 111 at 7, but leave to file a sur-reply must be obtained in advance, by motion.  Accordingly, the Court does not consider the sur-reply, and an equal observation applies to his unauthorized "rebuttal" to AliExpress's corporate disclosure statement.  Doc. 109.

Catanzaro concedes that he did not serve summons upon AliExpress, but claims that service upon Alibaba Group's registered agent in Delaware was adequate because Alibaba Group is the parent company of AliExpress. Doc. 107 at 3.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citing Fed. R. Civ. P. 55(a)). "As a precondition to entry of either default or default judgment, Fed. R. Civ. P. 55(a) requires a showing that the party has failed to plead or otherwise defend as provided by these rules." *Id.*

To support his argument that Alibaba Group is AliExpress's parent, Catanzaro submits a purported copy of a single and undated page of AliExpress's privacy policy, a website screenshot, and what appears to be a self-created summary of his telephone communications in 2022 with a person he asserts was "the head attorney for AliExpress." Docs. 107-2–107-4. Catanzaro contends the privacy policy supports his argument that "AliExpress . . . operates under several

affiliate names . . ." Doc. 107 at 3. Catanzaro does not supply any authority that would support his view that corporate affiliation is equal to a parent/subsidiary relationship, and the privacy policy, Doc. 107-2, does not list "Alibaba Group" anywhere in its text. The website screenshot that Catanzaro offers likewise does not state Alibaba Group is AliExpress's parent. Doc. 107-3. Instead, Catanzaro offers the document to support his argument there is a "clear and acknowledged connection" between AliExpress and Alibaba Group. Doc. 107 at 4. Regarding the phone log, Doc. 107, to the extent that Catanzaro contends service of process can be conducted telephonically, he fails to offer any authority that would support such an argument. And nothing about the self-prepared phone log evinces or constitutes credible evidence of a parent/subsidiary relationship between the two corporate entities.

As AliExpress maintains, none of these documents demonstrate, or could demonstrate, valid service of process upon AliExpress, and do not refute the statements contained in its signed, dated, and docketed Corporate Disclosure Statement. A Corporate Disclosure Statement

may be considered by a court as evidence of entities' interrelationships. *Nationwide Mut. Ins. Co. v. Gree USA, Inc.*, 2019 WL 1244093, at *1 (W.D. Pa. 2019), *report and recommendation adopted*, 2019 WL 1243280 (W.D. Pa. 2019). Indeed, Catanzaro's filings are not even inconsistent with AliExpress's Corporate Disclosure Statement, as they show, at most, some affiliation between AliExpress and Alibaba Group; not a parent/subsidiary relationship.

Moreover, even if Alibaba Group was AliExpress's parent, service of process on a parent corporation is generally inadequate to constitute service on a parent's subsidiary unless there is record evidence that indicates the subsidiary conducted business at the address where the plaintiff served the parent corporation. *Delaware Valley Surgical Supply Co., Inc. v. Geriatric & Medical Ctrs., Inc.*, 299 A.2d 237, 241 (Pa. 1973).[2] Here, nothing in the record suggests that AliExpress conducted business at the address of Alibaba Group, and Catanzaro has not offered any credible evidence addressing that issue.

---

[2] A plaintiff may serve process "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e). Here, Pennsylvania law governs.

Catanzaro cites *Kay v. Ehrler*, 499 U.S. 432 (1991), for the proposition that "service on a parent company constitutes effective service on its subsidiaries when the parent controls the daily operations of the subsidiary. . ." Doc. 107 at 6.  However, the *Kay* case was a civil rights action that the petitioner brought against the Kentucky Board of Elections; there was no private party defendant, much less a parent-subsidiary service issue mentioned in the decision.  And although Catanzaro claims that Alibaba Group "controls" AliExpress's daily operations, he again fails to offer any credible record evidence supporting his conclusory averments.  As AliExpress asserts, Catanzaro's arguments are apparently based on his "misapprehension" of the difference between corporate ownership and affiliation between the two entities.  Doc. 145 at 1.

Catanzaro has not offered adequate evidence or facts in support of his position that he properly served AliExpress.[3]  Thus, the Court will

---

[3] AliExpress's motion to set aside default alternatively maintains that good cause exists to set aside the default under Fed. R. Civ. P. 55(c).  Doc. 97 at 5–7.  Even if Catanzaro had properly served AliExpress, the court would find good cause exists to set aside the default, because the Rule 55(c) factors weigh in its favor.  *J Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 315 (3d Cir. 2019) ("we have instructed district courts to consider the following factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a

grant AliExpress's motion to set aside default based upon inadequate service of process. This ruling necessarily renders Catanzaro's motion for default judgment against AliExpress moot.

## B.    Catanzaro's Motion for Sanctions

Catanzaro seeks Rule 11 sanctions based upon his position that AliExpress submitted an inaccurate and misleading Rule 7.1 Corporate Disclosure Statement. Doc. 141–142. He asserts that AliExpress's SEC Form 20-F filing, Doc. 134-2 at 2, which "identifies AliExpress as a primary business unit within the Alibaba International Digital Commerce Group (AIDC) segment of the Alibaba Group," Doc. 141 at 1–2, contradicts its Corporate Disclosure Statement, which identifies AliExpress International E-Commerce Pte. Ltd. as its parent company. Doc. 99. Catanzaro also posits that the Form 20-F constitutes "conclusive evidence" of a parent-subsidiary relationship between Alibaba Group Holding and AliExpress. Doc. 142 at 2. Catanzaro further claims that the Rule 7.1 statement asserted that AliExpress

---

meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.") (internal citation and quotation marks omitted).

"has no parent corporation," Doc. 141 at 1, later clarifying that he meant to instead allege that AliExpress failed to disclose *"it has no other parent company."* Doc. 147 at 2. None of these positions justify the imposition of sanctions.

Rule 11 provides, in relevant part, that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Violations of those requirements permit a court to impost appropriate sanctions. *Id.* R. 11(c)(1).

Here, AliExpress's Corporate Disclosure Statement complied with the mandates of Rule 7.1, which required it to "file a statement that: (A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1). That is precisely what AliExpress did, by disclosing AliExpress International E-Commerce Pte. Ltd. as its parent company that owns 10% or more of its stock. Doc. 99. Catanzaro's claim that this disclosure is "factually inaccurate, misleading, and not in line with the spirit of Rule 7.1, which requires full transparency regarding corporate ownership to ensure judicial impartiality," Doc. 141 at 1, is thus incorrect, and expands Rule 7.1 beyond its statutory requirements.

Further, AliExpress maintains:

> the SEC Form does not identify the legal entity that owns AliExpress or otherwise show any parent subsidiary relationship within Alibaba Group Holding Limited. . . Therefore, there is no inconsistency between AliExpress' Corporate Disclosure and the SEC filings on which Plaintiff relies. The former identifies AliExpress' direct parent company, while the latter describes the broader business segment in which the AliExpress platform operates. Plaintiff simply conflates these distinct concepts.

Doc. 145 at 2–3. A review of the Form 20-F confirms that characterization. Doc. 134-2 at 2. AliExpress is correct; Catanzaro did not demonstrate it submitted a false, or even inconsistent document. His motion for sanctions is therefore denied.[4]

## III.  Conclusion

For the reasons set forth above, the Court will grant AliExpress's Motion to Set Aside Default (Doc. 97), deny Catanzaro's Motion for Default Judgment (Doc. 93) as to AliExpress only as moot, and deny Catanzaro 's Motion for Sanctions (Doc. 141). Catanzaro's Motion for Default Judgment concerning other remaining defendants will be addressed in a future filing. A separate order shall be issued.

Date:  July 13, 2026                    s/ Phillip J. Caraballo
                                        PHILLIP J. CARABALLO
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] In its opposition brief, AliExpress seeks sanctions against Catanzaro, contending that "[a] separate cross-motion for sanctions is not required." Doc. 145 at 3. The Local Rules of this court, however, dictate otherwise. A brief may address only one motion, M.D. Pa. L.R. 7.8 (a), and "[e]ach motion and each brief shall be a separate document." *Id.* at 5.1(h). Accordingly, the Court will not entertain AliExpress's request for sanctions. Both parties are directed to comply with all applicable local rules in future filings.