**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID J. CATANZARO,** | : | **3:22-CV-1768** |
| | : | |
| **Plaintiff,** | : | **(Saporito, J.)** |
| | : | |
| **v.** | : | **(Caraballo, M.J.)** |
| | : | |
| **ALIEXPRESS, et al,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

## I. Introduction

Before the Court is Plaintiff David J. Catanzaro's Motion for Entry of Default Judgment against defendants AnyPromo, Inc. ("AnyPromo") and DHGate (collectively, "defaulted defendants"). Docs. 93–94. The motion was referred to the undersigned to issue this Report and Recommendation, pursuant to Title 28, United States Code, Section 636(b)(1)(B).[1]

[1] A default judgment motion is dispositive; absent the consent of all parties, a magistrate judge may only issue a recommendation regarding its disposition. *See Abraham v. Stine*, 2007 WL 3124714 at *1–2 (D.V.I. Sept. 27, 2007) (vacating default judgment ordered by magistrate judge) (citing *Callier v. Gray*, 167 F.3d 977, 981 (3d Cir. 1999)). Conversely, magistrate judges have authority to vacate the entry of a Clerk's default because a "motion to set aside a clerk's entry of default is not a dispositive motion." *Goodwin v. Hatch*, 2018 WL 3454972 (D. Colo. 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019); *see also Rowe v. Wolfson*, 2025 WL 2855134, at *2 (D. Nev. 2025) (same).

As set forth below, Catanzaro cannot obtain default judgments premised on a complaint's generalized and collective allegations that fail to advance a plausible claim for patent infringement. Accordingly, the undersigned recommends that the Court deny the motion for entry of default judgments against AnyPromo and DHGate.

## II. Background

On November 3, 2022, plaintiff David J. Catanzaro, proceeding pro se, initiated this action against Walmart Stores, Inc. and other defendants, both named and anonymized, asserting infringement of his expired 7,653,959 patent (the "959 patent"). Doc. 1. Although Catanzaro's initial complaint did not include DHGate or AnyPromo, his First Amended Complaint added both companies as defendants. Doc. 11. Catanzaro filed his operative Second Amended Complaint on January 6, 2023. Doc. 23. Multiple defendants were dismissed by stipulation thereafter. Docs. 25, 32, 38, 66, 73, 75, 87, 113, 131.

On December 15, 2023, Catanzaro requested entry of a clerk's default against several defendants, including AnyPromo and DHGate. Doc. 83. In his default request, Catanzaro averred that defendants were properly and timely served and the time to respond to this action

expired. *Id.* Catanzaro specifically asserted that he served AnyPromo on June 8, 2023, Doc. 45, and DHGate on June 29, 2023, Doc. 50 at page 3.[2] The Clerk thus entered defaults against AnyPromo and DHGate on January 8, 2024. Doc. 85.

Catanzaro filed a motion for default judgment the same day he filed his request for a clerk's default. Doc. 84. On January 23, 2024, the Court deemed Catanzaro's default judgment motion withdrawn based upon Middle District of Pennsylvania Local Rule 7.5, which requires a separate supporting brief. M.D. Pa. L. R. 7.5; Doc. 86. On December 19, 2024, Catanzaro filed a renewed motion for default judgment with a supporting brief against the defaulted defendants, among others. Doc. 93–94.[3] Neither defaulting defendant has entered an appearance in this action, and Catanzaro's motion is ripe for decision.

---

[3] The clerk also entered default against defendants USimprints, Price US Wholesale, AliExpress, and Wholesale In Motion Group, Inc. Doc. 85. USimprints, Price US Wholesale, and Wholesale In Motion Group, Inc. were dismissed by stipulation thereafter. Docs. 113, 131. AliExpress subsequently appeared in this action and filed a motion to set aside the Clerk's entry of default. Doc. 97. On July 13, 2026, the undersigned granted AliExpress's motion to set aside the default, rendering Catanzaro's motion for default judgment moot as to AliExpress. Doc. 148–149.

## III. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading. *See* Fed. R. Civ. P. 55(b)(2); *see also Chanel v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir.1990)). The decision of whether to enter a default judgment rests within the sound "discretion of the district court," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984), and the Court of Appeals has "repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable." *Id.* at 1181.

Thus, prior to entering a default judgment, the Court must first determine whether: (1) the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) the unchallenged facts present a legitimate cause of action, and (3) the circumstances otherwise render the entry of default judgment "proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *2 (D.N.J. 2012) (internal citations omitted).

In conducting that evaluation, the Court must accept as true every "well-pled" factual allegation of the complaint. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990). The Court need not, however, accept the plaintiff's legal conclusions or assertions concerning damages. *See id.*; *see also Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. 2013) (citations omitted).

### B. Personal Jurisdiction Over the Defaulted Defendants

The undersigned must first address whether Catanzaro has established personal jurisdiction over the defaulted defendants. "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991). Here, the operative complaint alleges that "[t]his court has personal jurisdiction over the named defendants" and that "[d]efendants transact business in this judicial district." Doc. 23 at 4, 5–6. Catanzaro also docketed affidavits of service on the defaulting defendants. Doc. 83-1.

Federal Rule of Civil Procedure 4(h) provides that a corporation must be served "by delivering a of the copy of the summons and complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, states that service is proper if it is effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The complaint alleges that "AnyPromo is a California company with its principal place of business at 1511 E Holt Blvd Ontario, CA 91761." Doc. 23 at 3–4. The proof of service form for AnyPromo states that a process server served the summons on "Peter Tu, who is designated by law to accept service of process on behalf of AnyPromo Inc." at the same address set forth in the complaint (albeit bearing a different zip code). The bottom of the document also states, "I delivered the documents to Veronica Velasquez who identified themselves as the person authorized to accept with identity confirmed by subject stating their name." Doc. 83-1 at 6. The disparity between the two names—Peter Tu and Veronica Velasquez—remains unclear.

The complaint also alleges that "DHGate is a China company with a principal place of business at C/O 381 Brea Canyon Road, Walnut, CA 91789. Similarly, the "DHGate" proof of service form states that a process server served the summons on "Matt Fing, who is designated by law to accept service of process on behalf of DH Gate" at the California address listed set forth in the complaint. The bottom of the document also states, "I delivered the documents to Matt Fing who identified themselves as the person authorized to accept with identity confirmed by subject stating their name." *Id.* at 7. The record does not provide sufficient information to determine whether serving process at the California place of business for an alleged Chinese company suffices under Rule 4.

Given those uncertainties and disparities, it is not entirely clear whether Catanzaro properly served the defaulting defendants. As there is no obvious indication that service was *improper*, and in consideration of the analysis below concerning the merits of the complaint, the undersigned assumes for the purposes of this Report and Recommendation that service was proper and the Court has personal jurisdiction over the defaulting defendants.

### C. The Operative Complaint Lacks Facial Plausibility

The undersigned next examines whether the operative complaint's allegations advance a legitimate cause of action. Allegations of patent infringement are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Disc Disease Sols. Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Under this standard, a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, a plaintiff is required to allege facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Catanzaro's live complaint advances a single claim of patent infringement against the defaulting defendants. Doc. 23 at 5–6.[4] To state a claim for patent infringement under Title 35, United States

[4] Catanzaro also advances a claim for declaratory judgment. However, declaratory judgment is a procedural vehicle that creates a form of relief, not a cause of action. *Woolley v. Groft*, 653 F. Supp. 3d 171, 179 (M.D. Pa. 2023).

Code, Section 271(a), a plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).[5]

As alleged in his live complaint, Catanzaro's 959 patent expired on December 30, 2016, and he had the sole right to enforce it between November 4, 2022, and December 30, 2022. Doc. 23 at 2–3. The complaint's exhibits show the 959 patent is titled "Article Assembly," and concerns "[a]n assembly comprising a toothbrush having a first and second end." *Id.* at 9–17. The complaint advances the following generalized allegations against the various defendants:

> Defendants transact business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants **have infringed, induced others to infringe, and/or contributorily infringed**, literally or under the doctrine of equivalents, one or more claims of the '959 patent.

[5] In addition to proving causation by a reasonable probability, a patentee bears the burden of quantifying damages. *See Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996). The undersigned need not address that requirement here.

> Defendants did so by **manufacturing, having manufactured, importing, using, offering for sale and/or selling products** that embody and/or practice the patented invention, known generally as, but not limited to "Solar Dancers," Solar Dancing Figurines," "Solar Dancing Toys," "Christmas Sunny Jigglers," "Stocking stuffers Solar Dancer" "Solar Bobble Heads" Solar Dancing Animals" and assorted product lines. (At this time, Plaintiff does not know all the true Identifying names of all infringing products.)
>
> Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by **offering for sale and selling** the Solar Dancers, Solar Dancing Figurines, Solar Dancing Toys and/or Christmas Sunny
>
> Jigglers, Stocking stuffers Solar Dancers and Solar Bobble Heads, Solar Dancing Animals and assorted product lines after February 2, 2010. (Plaintiff does not know all the true identifying names of all infringing products.). . .
>
> Defendants have directly infringed claims 1, 2, 3, 4, 5, 6, 7 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 2, 3, 4, 5, 6, 7 & 8 of the '959 patent by **knowingly and actively inducing others to infringe** in violation of 35 U.S.C. § 271(b).
>
> Upon information and belief, Defendants infringement of the '959 patent have been willful and deliberate. Defendants' infringement has injured plaintiff.

*Id.* at 5–6 (emphases added).

Even when viewed in the light most favorable to Catanzaro, those averments fall short of stating an actionable claim for relief, as they fail

to specify the means by which each defaulting defendant allegedly infringed the 959 patent. As summarized by one court in this circuit:

> It is not impermissible *per se* for a plaintiff to refer to multiple defendants collectively in a complaint. . . . But a complaint that lumps together allegations against multiple defendants will not survive a motion to dismiss if in doing so, it fails to plead enough facts to render it plausible that each defendant has performed at least one type of U.S.-related infringing act or if it otherwise fails to provide each defendant with sufficient notice of the basis for the claims against it. . . . On the other hand, a complaint that collectively refers to defendants meets Rule 8's pleading standard if it can be reasonably inferred that each and every allegation is made against each individual defendant and if there is some factual basis provided to support that inference.

*Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, 2021 WL 2036671, at *7 (D. Del. 2021), *report and recommendation adopted in relevant part,* 2021 WL 4350591 (D. Del. 2021) (citations and quotations omitted). Further, it is insufficient to offer "only vague generalities and block quotes of statutes, cases and treatises, but nowhere point[] . . . to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant." *Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (dismissing patent infringement complaint containing unspecified allegations as frivolous).

Here, Catanzaro's generalized and collective allegations fail to meet those pleading standards against DHGate and Any Promo. He does not specify whether his allegations against each defaulted defendant are based upon the manufacture, sale, inducement, or another form of infringement. The live complaint does not identify which named products each defaulted defendant allegedly "manufactured, import[ed], us[ed], offer[ed] for sale and/or [sold]. . . [or how either] induced others to infringe, and/or contributorily infringed . . . one or more claims of the '959 patent." Doc. 23 at 6. And the complaint likewise fails to allege any specific dates the alleged infringing acts occurred by the defaulting defendants, or the corresponding locations and quantities. *See Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021) ("[T]he plaintiff needs to plead enough facts to render it plausible that each defendant individually has performed at least one type of U.S.-related infringing act.").

In short, the operative complaint does not plausibly "state the means by which the defendant allegedly infringes," *Hall*, 705 F.3d at 1362, or specify the theory of liability that Catanzaro advances against

the defaulted entities. "Put differently, if due to a plaintiff's 'lumping' of all defendants together, the Court cannot tell whether a particular defendant is alleged to have made or used or offered for sale or sold or imported an accused product in the United States, and the Court cannot understand why it is plausible that any one of those acts has occurred, then the Court cannot conclude that there is a plausible claim of infringement alleged as to that defendant." *Bench Walk*, 530 F. Supp. 3d at 488. Catanzaro thus fails to plead sufficient facts to plausibly claim that each defendant has performed at least one type of infringing act, or otherwise provide each defendant with sufficient notice of the basis for the claims against it.

As Catanzaro's allegations do not present a sufficient factual account of the defaulted defendants' alleged infringing conduct, the court will not construct a theory for him. *See Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017) (district courts considering default judgment need only accept as true the "well-pleaded factual allegations" of the complaint); *Joe Hand Promotions, Inc. v. Forupk LLC*, 2020 WL 1864582, at *2 (D.N.J. Apr. 14, 2020) (stating that "a plaintiff seeking default judgment cannot rest on mere conclusory allegations" as to the

elements of a claim). Accordingly, as Catanzaro's operative complaint contains only "conclusory formulaic recitations" of the elements of patent infringement without any allegations specific to each defaulting defendant, the Court should exercise its discretion to deny the motion for default judgments.[6]

## IV. Recommendation and Notice

For the reasons set forth above, it is **RECOMMENDED** that Catanzaro's motion for entry of default judgment (Doc. 93) be **DENIED**. The parties are placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

[6] If Catanzaro *had* stated a legitimate cause of action for patent infringement, the court would still need to determine whether circumstances otherwise render the entry of default judgment "proper." *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) ("The applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions.") (internal citation omitted).

> portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. The failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: July 24, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge