**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| David J. Catanzaro<br>Plaintiff,<br><br>v.<br><br>Walmart Stores, Inc., et al.<br><br>Defendants. | Case No.: 3:22-cv-01768-JFS-DFB<br><br>Judge Joseph F. Saporito, Jr.<br>Referred to: Chief MJ Daryl F. Bloom |

**ALIEXPRESS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JULY 13, 2026 ORDER**

Defendant AliExpress, without waiving service of process and any other objection or defense, including objections to personal jurisdiction, respectfully opposes Plaintiff's Motion for Reconsideration of the July 13, 2026 Order, which granted AliExpress' Motion to Set Aside Default (ECF No. 97) and denied Plaintiff David J. Catanzaro's Motion for Default Judgment as to AliExpress (ECF No. 93).

Plaintiff fails to satisfy the threshold requirements for reconsideration. Plaintiff does not claim there has been an intervening change in controlling law. Instead, he relies on purportedly "newly obtained" evidence and claims that reconsideration is necessary to prevent injustice. Neither ground applies. All of Plaintiff's purportedly new evidence was available well before July 13, 2026. The Third Circuit makes clear that evidence does not become "new" merely because it is submitted after an adverse ruling.

Even if the Court considers Plaintiff's evidence, it does not establish any misrepresentation by AliExpress or otherwise cure the service defect identified by the Court. Plaintiff's evidence concerning AliExpress's ultimate parent does not establish that service on an entity identified as "Alibaba Group" in Delaware constituted valid service on AliExpress.

In short, Plaintiff has not shown any basis for reconsideration.

## LEGAL STANDARD

The scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Reconsideration is appropriate only if the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made the ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (emphasis in original). The decision whether to grant reconsideration rests within the district court's discretion, and denial is reviewed only for abuse of that discretion. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

## ARGUMENT

### I. Plaintiff's Purportedly New Evidence Was Available Before July 13, 2026.

Plaintiff submits the following five exhibits in support of reconsideration:

1. AliExpress' Rule 7.1 Statement filed in a separate case on December 8, 2025, identifying Alibaba Group Holding Limited as the "ultimate parent company" of AliExpress E-Commerce One Pte. Ltd. (Exhibit A, ECF No.159-2);

2. The DOJ Non-Prosecution Agreement dated June 29, 2026, stating that AliExpress E-Commerce One Pte. Ltd. is a Singapore based subsidiary of Alibaba Group Holding Limited (Exhibit B, ECF No.159-3);

3. An Affidavit of Service filed in a separate case on July 2, 2025, describing service of process on an entity identified as AliExpress International (United States) Corporation (Exhibit C, ECF No.159-4);

4. Congressional correspondence dated December 20, 2023, addressed to "Alibaba d/b/a Alibaba, AliExpress, and TaoBao" (Exhibit D, ECF No. 159-5); and

5. A Better Business Bureau profile identifying "AliExpress" at a Sunnyvale, California address and listing Alibaba.com US LLC as an alternate name associated with that profile (Exhibit E, ECF No. 159-6).

The Third Circuit Court of Appeals has "made clear that new evidence, for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling." *Blystone*, 664 F.3d at 415. "Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 415-16. "Evidence that is not

newly discovered [ ] cannot provide the basis for a successful motion for reconsideration.” *Id.* at 416.

Here, all of Plaintiff’s purportedly new evidence was available before this Court set aside the clerk’s default on July 13, 2026. Both the December 8, 2025 Statement (Exhibit A) and the July 2, 2025 Affidavit (Exhibit C) were publicly available well before the Court’s ruling on July 13, 2026. Similarly, the DOJ Non-Prosecution Agreement (Exhibit B) and the Congressional Correspondence (Exhibit D) have been available online since June 29, 2026,[1] and December 20, 2023,[2] respectively, as shown in the screenshots below from Google.com.

Alibaba NPA

Jun 29, 2026 — The Government and **Alibaba** enter into this **Non-Prosecution Agreement** (“**Agreement**”) for misdemeanor violations of the Federal Food, Drug, and ... Read more

Congress of the United States - Cloudfront.net

Dec 20, 2023 — Zhang: **Given Alibaba's ownership of AliExpress** and TaoBao, the Committee is addressing this letter to your company and seeking information ... Read more

---

[1] *See* DOJ Non-Prosecution Agreement, available at https://www.justice.gov/usao-ri/media/1450606/dl?inline (last visited, Sep. 8, 2026).

[2] *See* Congressional Correspondence, available at https://d1dth6e84htgma.cloudfront.net/CCP_Marketplace_Letter_to_Alibaba_1c1eb3128a.pdf (last visited, Sep. 8, 2026).

Likewise, the BBB record (Exhibit E) is publicly available.[3] Plaintiff offers no explanation as to why any of these materials could not have been located and presented before the Court ruled on July 13, 2026.

Therefore, reconsideration based on newly discovered evidence is improper. *See, e.g.*, *Harsco Corp.*, 779 F.2d at 909 (3d Cir. 1985) (affirming denial of reconsideration because the purported new evidence "was available prior to the summary judgment"); *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (affirming denial of reconsideration because the purported new evidence "was previously obtainable and [the movant] could have submitted it earlier"); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (same).

## II. Plaintiff's Purportedly New Evidence Does Not Establish Any Misrepresentation.

Assuming *arguendo* that the Court considers any of Plaintiff's Exhibits, none supports reconsideration.

Plaintiff relies primarily on evidence that Alibaba Group Holding Limited is the "ultimate parent company" of Defendant AliExpress E-Commerce One Pte. Ltd. *See* Ex. A to Mot. (ECF No. 159-2) at 2; Ex. B to Mot. (ECF No. 159-3) at 6. Plaintiff

[3] *See* BBB record, available at https://www.bbb.org/us/ca/sunnyvale/profile/online-retailer/aliexpress-1216-230194 (last visited, Sep. 8, 2026).

contends that this evidence contradicts AliExpress' prior statements that "AliExpress is not owned by Alibaba Group" and that Plaintiff attempted to serve Alibaba Group in Delaware "based on his unfounded belief that Alibaba Group is the parent company of AliExpress." Mot. at 3 (citing ECF No. 100, at 2, 5).

Plaintiff takes those statements out of context. Plaintiff attempted service on an entity identified as "Alibaba Group" in Delaware. *See* AliExpress' Brief in Support of the Motion to Set Aside the Clerk's Entry of Default, ECF No. 100. Specifically, as AliExpress pointed out, "Plaintiff admitted that the summons as to AliExpress was not served upon AliExpress, but rather upon Alibaba Group's registered agent in Delaware, claiming that Alibaba Group is the parent company of AliExpress." *Id.* at ¶12. Indeed, Plaintiff's purported new evidence identifies a Delaware entity named Alibaba Group (U.S.), Inc., as a subsidiary of Alibaba Group Holding Limited. *See* ECF No. 159-3, at 6.

None of this falsifies AliExpress' Corporate Disclosure Statement. AliExpress identified AliExpress International E-Commerce Pte. Ltd. as the entity that "owns 10% or more of its stock." The fact that Alibaba Group Holding Limited is higher up on the chain of corporate ownership does not render that disclosure inaccurate. *See McAllister v. Adecco Grp. N.A.*, No. 16-00447, 2017 U.S. Dist. LEXIS 231756, at *3 (D. Haw. May 18, 2017) (rejecting the argument that a party must disclose "all of [its] parent corporations, including grandparent and great grandparent

corporations" under Rule 7.1). The Court also expressly found that AliExpress' Corporate Disclosure Statement "complied with the mandates of Rule 7.1." July 13, 2026 Order, ECF No. 148, at 11.

Therefore, Plaintiff's purportedly new evidence does not show that AliExpress made any false representations.

### III. Plaintiff's Purportedly New Evidence Does Not Cure the Defect in Service.

This Court set aside the clerk's default against AliExpress because Plaintiff attempted to serve "Alibaba Group" in Delaware rather than AliExpress in Singapore. *See* July 13, 2026 Order, ECF No. 148, at 6-9; *see also* Proof of Service on Alibaba Group (ECF Nos. 41, 159-4) at 4. The Court held that even if Alibaba Group was AliExpress' parent, service of process on a parent corporation was inadequate "unless there is record evidence that indicates the subsidiary conducted business at the address where the plaintiff served the parent corporation." July 13, 2026 Order, at 7. None of Plaintiff's evidence shows that AliExpress conducted business at the Delaware address where Plaintiff served "Alibaba Group."

### IV. Reconsideration Is Unwarranted under Rule 54(b).

Even though reconsideration of an interlocutory order under Rule 54(b) is less stringent than reconsideration under Rule 59(e), Plaintiff "must still establish good cause for why the court should revisit its prior decision" and may not "reargue matters already argued and disposed of or as an attempt to relitigate a point of

disagreement between the Court and the litigant." *Thomas v. Schaeffer*, No. 3:24-cv-01603, 2026 U.S. Dist. LEXIS 134434, at *2-3 (M.D. Pa. June 17, 2026) (Saporito, J.) ("A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.") (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295-96 (M.D. Pa. 2016)).

No good cause exists here to warrant reconsideration. Plaintiff relies on materials that were available well before the Court's July 13 ruling, does not show any misrepresentation by AliExpress, and does not identify any error of law or fact in the ruling. Instead, Plaintiff seeks to revisit issues the Court already considered and to submit evidence he could have presented earlier. Rule 54(b) does not permit that. *See Thomas*, 2026 U.S. Dist. LEXIS 134434, at *2-3 (denying reconsideration where the movants failed to establish good cause and merely reargued matters already addressed by the Court).

## V. Plaintiff Cannot Seek New Relief for Limited Discovery Through Reconsideration.

Finally, a motion for reconsideration cannot be used to "argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Reifer v. Westport Ins. Corp.*, Case No. 12- 0533, 2013 U.S. Dist. LEXIS 82390, at *3 (M.D. Pa. June 12, 2013) (citing *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001)). Plaintiff did not seek discovery over AliExpress'

ownership structure in his Motion for Default Judgment (ECF No. 93). It is thus improper for Plaintiff to use reconsideration to obtain that.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion.

Dated: September 8, 2026 Respectfully submitted,

By: */s/ Zhen Pan*

Caitlin P. Strauss, Esq.
Saul Ewing LLP
1500 Market St. 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7153
caitlin.strauss@saul.com

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone (305) 375-9220

Brant C. Hadaway (*Pro Hac Vice*)
Florida Bar Number: 494690
E-mail: bhadaway@diazreus.com
Zhen Pan (*Pro Hac Vice*)
Florida Bar Number: 123637
E-mail: zpan@diazreus.com
Prince-Alex Iwu (*Pro Hac Vice*)
Florida Bar Number: 1044670
E-mail: piwu@diazreus.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a true and correct copy of the foregoing document was served via ECF to all counsel of record and First-Class Mail to the parties listed below:

David J. Catanzaro
286 Upper Powderly St.
Carbondale, PA 18407
(570) 936-9262
davidjosephus@aol.com

USIMPRINTS
200 E Main Street – Suite 200-17
Franklin, TN 37064

PRICE US WHOLESALE
2240 East 17th Street
Brooklyn, NY 11229

WHOLESALE IN MOTION GROUP, INC.
2240 East 17th Street
Brooklyn, NY 11229

ANYPROMO, INC.
1511 East Holt Blvd.
Ontario, CA 91761

DHGATE
381 Brea Canyon Road
Walnut, CA 91789

*/s/ Zhen Pan*
Zhen Pan

*Counsel for Defendant AliExpress*