**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID J. CATANZARO,<br><br>Plaintiff,<br><br>v.<br><br>ALIEXPRESS, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:22-CV-1768<br><br>(SAPORITO, J.)<br>(CARABALLO, M.J.) |

**ORDER**

Now before the court is a report and recommendation of United States Magistrate Judge Phillip J. Caraballo in which he recommends that the plaintiff's motion for entry of default judgment (Doc. 93) be denied. (Doc. 155).

The *pro se* plaintiff initiated this action against numerous defendants asserting claims for patent infringement concerning his expired 7,653,959 patent. (Doc. 1). On November 14, 2022, the plaintiff filed an amended complaint and added DHGate and AnyPromo as defendants. (Doc. 11). On December 15, 2023, the plaintiff requested entry of default against defendants AnyPromo and DHGate, (Doc. 83), and on January 8, 2024, the Clerk of Court entered defaults against those defendants. (Doc. 85). On December 9, 2024, the plaintiff filed a motion

for default judgment against AnyPromo and DHGate. (Doc. 93).

Upon review of the plaintiff's motion, Judge Caraballo noted that neither defaulting defendant had entered an appearance in this action. (Doc. 155, at 3). But Judge Caraballo explained that before entering a default judgment, the Court must first determine whether: (1) the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) the unchallenged facts present a legitimate cause of action, and (3) the circumstances otherwise render the entry of default judgment "proper." (*Id.*, at 4) (citing *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *2 (D.N.J. 2012)). Upon review of the record, Judge Caraballo found that the unchallenged facts contained in the operative complaint did not advance a legitimate cause of action, and thus, recommends the denial of the plaintiff's motion for default judgment. Specifically, Judge Caraballo found that the plaintiff's generalized allegations failed to specify the means by which either defaulting defendant allegedly infringed his patent. He noted that it is insufficient to offer "only vague generalities and block quotes of statutes, cases and treatises, but nowhere point[] … to any nonfrivolous allegations of infringement of any claim by any actual

product made, used, or sold by any defendant." (*Id.*, at 11) (quoting *Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020)). As such, the plaintiff's allegations that each defaulted defendant allegedly "manufactured, import[ed], us[ed], offer[ed] for sale and/or [sold] … [or how either] induced others to infringe, and/or contributorily infringed … one or more claims of the '959 patent" fail to identify enough specificities to state a claim that is plausible on its face. (Doc. 155, at 12). Accordingly, Judge Caraballo recommends that the Court deny the plaintiff's motion for default judgment against the defaulted defendants.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Caraballo's analysis to be well-reasoned and fully supported by the

record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Caraballo (Doc. 155) is **ADOPTED** in its entirety; and

2. The plaintiff's motion for entry of default judgment (Doc. 93) is **DENIED**.

Dated: September 11, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge